Albert Dmitri JENNINGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 71971.

Court of Criminal Appeals of Texas, En Banc.

Jan. 11, 1995.

Albert Dmitri Jennings, pro se.

John B. Holmes, Jr., Dist. Atty., Michael D. Cook, Asst. Dist. Atty., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

OVERSTREET, Judge.

Applicant was charged by indictment, pursuant to V.T.C.A., Health & Safety Code § 481.112(a), (c), (d)(3), with possession with intent to deliver cocaine, weighing at least 400 grams, alleged to have occurred on or about September 19, 1989. The trial court denied applicant's motion to suppress, found him guilty, and on April 24, 1990 sentenced him to twenty years confinement and imposed a $20,000 fine. The Fourteenth Court of Appeals affirmed that judgment and sentence on July 3, 1991. *Jennings v. State,* No. B14–90–00359–CR, 1991 WL 119194 (Tex. App.—Houston [14th], delivered July 3, 1991). On October 21, 1992, this Court granted applicant's petition for discretionary review and remanded the case to the court of appeals for further consideration. *Jennings v. State,* No. 1226–91 (Tex.Cr.App. delivered October 21, 1992). Our mandate issued on November 6, 1992. After remand, on December 10, 1992, the court of appeals reaffirmed the judgment and sentence. *Jennings v. State,* 846 S.W.2d 361 (Tex.App.—Houston [14th] 1992, no pet.).

█ Applicant filed this post-conviction application for a writ of habeas corpus in accord with Article 11.07, § 2, V.A.C.C.P., contending that he was denied his right to counsel on appeal after this Court's remand to the court of appeals because he was not represented by counsel. Applicant relies on *Ex parte Lopez,* 763 S.W.2d 427 (Tex.Cr.App. 1989). The State does not dispute applicant's claim that he was not represented by counsel when the case was remanded to the court of appeals, but rather the State insists that "[t]here was no need for representation in this instance because the Fourteenth Court of Appeals already had [a]pplicant's appellate brief to consider ... [and that] appointment of counsel to effectuate [a]pplicant's appeal on remand would not have served any useful purpose." The State also avers, "Applicant has not established that the outcome of his appeal after remand was adversely affected by his lack of representation."

█ In *Williams v. State,* 790 S.W.2d 336 (Tex.Cr.App.1990), *Robinson v. State,* 790 S.W.2d 334 (Tex.Cr.App.1990), and *Ex parte Lopez,* 763 S.W.2d 427 (Tex.Cr.App.1989), we held that remand by this Court to a court of appeals reinstated the status of the case to the first level of appeal and a defendant stood in the same position as when the initial appeal was filed. Thus, a defendant should be provided counsel in the court of appeals if indigent at the time of the remand to the court of appeals. The total absence of any assistance of counsel at this point constitutes complete denial of counsel and is not subject to a harm analysis. *Ex parte Lopez,* 763 S.W.2d at 430; see *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

Applicant was entitled to representation by counsel before the court of appeals after remand from this Court. Therefore, the court of appeals' judgment is vacated and the case is remanded to the trial court for appointment of counsel. Applicant is returned to the position he was in when our original remand order was issued to the court of appeals.

McCORMICK, P.J., concurs in the result.

MANSFIELD and KELLER, JJ., dissent.

WHITE, J., not participating.