**Ex parte Pablo LOPEZ.**

No. 69966.

Court of Criminal Appeals of Texas, En Banc.

Feb. 17, 1988.

Pablo Lopez, pro se.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P. Applicant was convicted by a jury of aggravated rape and sentenced to 35 years imprisonment in the Texas Department of Corrections. He was represented by court appointed counsel on appeal. On April 1, 1982, the Corpus Christi Court of Appeals reversed applicant's conviction in an unpublished opinion, citing *Scott v. State*, 599 S.W.2d 618 (Tex.Cr.App.1980) and *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979). The State filed a petition for discretionary review in this Court, which was granted to consider whether the Court of Appeals had properly reversed the case. In an unpublished opinion, we remanded the case to the Court of Appeals for further proceedings consistent with our opinion in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), which was rendered after the Court of Appeals reversed applicant's conviction. *Lopez v. State*, No. 368–82, delivered April 10, 1985. On remand, the Corpus Christi Court of Appeals found that applicant had not suffered reversible harm from errors committed in the trial court; therefore, the conviction was affirmed. *Lopez v. State*, 697 S.W.2d 761 (Tex.App.–Corpus Christi 1985).

In his application for writ of habeas corpus, applicant contends that he was denied effective assistance of counsel after his case was remanded to the court of appeals because his attorney "apparently withdrew from the case upon receiving notice of reversal," citing *Ayala v. State*, 633 S.W.2d 526 (Tex.Cr.App.1982). Relying on *Polk v. State*, 676 S.W.2d 408 (Tex.Cr.App.1984), applicant argues that he was entitled to assistance of counsel once this Court remanded the case to the Court of Appeals.

Applicant requests that he be granted a new trial or an out-of-time appeal.

In *Ayala,* supra at 527, this Court stated the following:

"Specifically, [the State] ... may not deny indigent defendants the services of counsel on the first level of appeal from a criminal conviction, which it grants as a matter of right. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). '[W]here the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.' *Id.* at 357, 83 S.Ct. 816 (emphasis in original)."

Thus, an indigent defendant has the right to appointed counsel when he appeals the case. In non-death penalty cases, this right applies to appeal to the applicable court of appeals.

■ With regard to the instant case, applicant received the services of appointed counsel when the case was initially appealed to the Corpus Christi Court of Appeals. After we reviewed the case and sent it back to that court for further consideration of its initial decision, applicant stood in the same position as he did when the initial appeal was filed. Thus, applicant should have been afforded counsel in the Court of Appeals if he was indigent at the time of the remand to the Court of Appeals. See *Ayala,* supra, and *Douglas v. California,* supra.

■ The State, by silence, does not contest the contention that appellant was not represented by counsel after the remand. The record, however, is not clear as to whether applicant had an attorney to represent him after we remanded his case to the Court of Appeals. We, therefore, will remand this case to the trial court to determine whether applicant had the representation of an attorney after remand.[1]

CLINTON, J., concurs in the result.

ONION, Presiding Judge, dissenting.

These proceedings involve a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

In June, 1980, applicant was convicted by a jury of aggravated rape after which the court assessed punishment at 35 years' imprisonment on July 11, 1980. Applicant was represented by court-appointed counsel at trial and the same counsel was later appointed to represent applicant on appeal. An appellate brief was filed on applicant's behalf.

On April 1, 1982, the Corpus Christi Court of Appeals reversed the conviction on the basis of fundamental error in the jury charge, a submission on a theory not plead in the indictment. *Lopez v. State* (Tex.App.–Corpus Christi, No. 3–81–167–CR—1982).

The State then filed a petition for discretionary review which was granted by this Court to determine if the Court of Appeals had properly found fundamental error. On April 10, 1985, this Court in an unpublished opinion remanded the cause to the Court of Appeals for further proceedings consistent with *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1985), which opinion dealt with jury charge error and which was decided after the opinion of the Court of Appeals in *Lopez v. State,* supra. See *Lopez v. State* (Tex.Cr.App. No. 368–82). On remand the Corpus Christi Court of Appeals affirmed the conviction after applying *Almanza.* *Lopez v. State,* 697 S.W.2d 761 (Tex.App.–Corpus Christi 1985).

Applicant filed his pro se post-conviction habeas application in the convicting court on September 14, 1987, alleging that he

---

1. Applicant alleges he was denied effective assistance of counsel *because no brief was filed* in the Corpus Christi Court of Appeals after remand. Applicant cites no authority for the proposition that he has a right to compel the Court of Appeals to accept a brief in his case. We perceive the issue before us to be whether applicant was de facto represented by counsel after the remand of his case by this Court. Because of our disposition of this issue, we do not address applicant's contention that failure to request permission of the Court of Appeals to file a brief or failure to file a brief in the Court of Appeals constitutes ineffective assistance of counsel.

was in confinement in the Texas Department of Corrections, that upon remand of the cause by this Court to the Court of Appeals his court-appointed counsel did not file an additional brief and the cause was "resubmitted ... without benefit of brief."

In his habeas application applicant acknowledges that upon original submission of his cause to the Court of Appeals his counsel briefed the cause "under the authority of the case law then in effect" and that "on that basis" a reversal was ordered. He alleges, however, that upon remand his counsel failed to file a brief despite the fact that fundamental changes in the law had occurred. Applicant apparently has reference to the decision in *Almanza*.

He further alleges that counsel "on his own volition, and without notice to the applicant apparently withdrew from the case upon receiving notice of the reversal" by the Court of Appeals. He cites *Ayala v. State*, 633 S.W.2d 526 (Tex.Cr.App.1982). Applicant alleges he was denied the effective assistance of counsel upon remand and resubmission of his cause to the Court of Appeals in violation of the Sixth Amendment and of the federal constitution and Article I, § 10 of the state constitution.

"In a post conviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief." *Ex parte Maldonado*, 688 S.W.2d 114 (Tex.Cr.App.1985).

There can be little question that the indigent applicant was entitled to counsel at the Court of Appeals level. *Ayala v. State*, 633 S.W.2d 526, 527 (Tex.Cr.App. 1982); *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). There can be little doubt that applicant was entitled to counsel upon remand of the cause to the Court of Appeals. To support his claim of ineffective assistance of counsel applicant alleges, without more, that "apparent-

ly" counsel withdrew after the reversal by the Court of Appeals. Applicant gives us no basis for this assertion. While the State's petition for discretionary review was before this Court after the reversal, applicant's court-appointed counsel filed a brief in Cause No. 368–82. In *Lopez v. State*, 697 S.W.2d 761 (Tex.App.–Corpus Christi 1985), in which the court applied *Almanza*, the court-appointed counsel is listed as attorney for the applicant, while applicant asserts (without proof) that no brief was filed by his counsel. He points to no requirement of the law that after remand such a brief must be filed, nor does he demonstrate how the brief on original submission before the Court of Appeals and the brief filed in this Court, all available and before the Court of Appeals, were insufficient so as to deny him effective assistance of counsel when the Court of Appeals performed a harm analysis in light of *Almanza*.

In my opinion the applicant has not alleged and proved facts which, if true, would entitle him to relief. *Ex parte Maldonado*, supra. I would dismiss the application without prejudice to applicant's right to replead and support his allegations "with adequate reasoning, argument, and testimonial and recorded evidence," which illustrates, if it does, that he was denied the effective assistance of counsel following remand.

For the reasons stated, I dissent.

McCORMICK and TEAGUE, JJ., join this opinion.