**Ex parte Pablo LOPEZ.**

**No. 69966.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1989.

Pablo Lopez, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, Section 2, V.A.C.C.P. Applicant complains of ineffective assistance of counsel on appeal in that he was abandoned by his counsel when his case was before the court of appeals for the second time. We will grant relief.

The procedural history of this case is as follows: Applicant was convicted by a jury of aggravated rape (see now § 22.011, V.A. P.C., Sexual Assault) and was then sentenced to 35 years confinement in the Texas Department of Corrections. After conviction, an appellate brief was filed by the Hon. Guadalupe Olvera with the Corpus Christi Court of Appeals on applicant's behalf. On direct appeal the Court of Appeals reversed applicant's conviction, specifying fundamental error in the jury charge and citing *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979), and *Scott v. State*, 599 S.W.2d 618 (Tex.Cr.App.1980). The State then filed a petition for discretionary review in this Court. On June 30, 1982, the State's petition was granted for consideration of the appositeness of the Court of Appeals' reversal on the basis of fundamental error in the jury charge. An appellate brief was filed with this Court by Olvera on the applicant's behalf on October 12, 1982. In an unpublished opinion handed down April 10, 1985, this Court remanded the cause to the Court of Appeals for further proceedings in light of this Court's opinion in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), which was decided after the disposition of applicant's appeal by the Court of Appeals. Upon remand, the Court of Appeals affirmed the conviction and held that in view of *Almanza*, supra, applicant had not suffered reversible harm due to errors in the trial court. *Lopez v. State*, 697 S.W.2d 761 (Tex.App.— Corpus Christi 1985). No petition for discretionary review was filed from this affirmance.

In this pro se habeas application, filed in the trial court on September 14, 1987, applicant alleged that upon remand and resubmission of his cause to the Court of Appeals he was denied effective assistance of counsel because "Counsel, on his own volition, and without notice to the applicant, apparently withdrew from the case ...". The trial court found, after the State waived filing an answer to applicant's application, that there were no controverted, previously unresolved facts which were material to the legality of applicant's confinement, and ordered the application forwarded to this Court for consideration. Upon consideration of the habeas application, this Court remanded this cause to the trial court to determine whether applicant had the representation of an attorney after we remanded his case to the Court of Appeals for *Almanza* analysis. *Ex parte Lopez*, 745 S.W.2d 29 (Tex.Cr.App.1988). On remand an evidentiary hearing was held in

the trial court to determine this point. At the conclusion of the hearing the hearing judge ordered the transcription of proceedings forwarded to this court. No findings of fact or conclusions of law were entered by the hearing judge.

From the record of the case and the transcript forwarded by the trial court, several things are apparent. Applicant has been represented by a host of court appointed counsel. The Hon. Carlos Vela handled the original arraignment. The Hon. Guadalupe Olvera handled the trial. The Hon. David Garza was appointed to represent applicant on appeal. Subsequently, the Hon. Glen Bernard was appointed to represent applicant on appeal. Finally, Olvera was appointed to represent applicant on appeal. The record (specifically the trial court docket) is less than clear as to the correct listing of appointed counsel. On the first page of the trial docket, under the heading of "Attorneys", Glen Bernard is shown as attorney for applicant on appeal. Beneath his name, the names of David Garza, Carlos Vela and Guadalupe Olvera are crossed out. Further on in the docket, Olvera is listed under the heading of "Attorneys", however, this listing is not without ambiguity. A careful reading of the Orders of the Court in the trial docket shows that Olvera was the last court appointed attorney for the applicant on appeal; however, a casual observance of the listing of attorneys for applicant implies that Bernard was the most recently appointed attorney for applicant.

At the evidentiary hearing ordered by this court, Olvera, the attorney of record for the applicant at the time of remand by this Court of applicant's direct appeal, testified that he:

> "received notice that [the State's petition for discretionary review] was going to be held in Austin. I went to Austin myself and in Austin they told me that I was not the attorney of record, and then I came back."

Counsel further stated that he had no additional involvement in the case other than to try to check the status of the case by telephone, and that on those occasions, he was again told he was not the attorney of record. There is no subsequent appointed counsel shown on the record after the appointment of Olvera to represent applicant on appeal. The State concedes that no subsequent counsel is shown on the record and the State does not contest the assertion of the applicant that he was not represented by counsel after our initial remand. Although there is no record of Olvera withdrawing as counsel, it is clear from his testimony that he felt no obligation to continue representation of the applicant because of his belief he was no longer the attorney of record.

It becomes apparent then that applicant was in fact not represented by counsel in front of the Corpus Christi Court of Appeals when they heard his case in 1985 on remand from this court, and affirmed the judgment of the convicting court. *Lopez,* supra. The question now becomes: Was applicant entitled to representation of counsel upon remand. We answer in the affirmative.

The decision by this Court to remand the cause to the Court of Appeals for *Almanza* analysis reinstated the status of said cause to the first level of appeal, a stage of proceedings in which applicant had the right to appointed counsel if he was indigent at the time of the remand. And as we stated in *Lopez,* supra, 745 S.W.2d at 30:

> "After we reviewed the case and sent it back to [the Corpus Christi Court of Appeals] for further consideration of its initial decision, *applicant stood in the same position as he did when the initial appeal was filed.* Thus, applicant should have been afforded counsel in the Court of Appeals if he was indigent at the time of the remand to the Court of Appeals." (emphasis supplied)

It is clear that indigent defendants are entitled to representation at this stage in the *initial* appeal. As stated in *Ayala v. State,* 633 S.W.2d 526 (Tex.Cr.App.1982):

> "Specifically, [the State] … may not deny indigent defendants the services of counsel on the first level of appeal from a criminal conviction, which it grants as a matter of right. *Douglas v. California,*

372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). '[W]here the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.' Id. at 357, 83 S.Ct. 816 (emphasis in original)."

See also *Polk v. State*, 676 S.W.2d 408 (Tex.Cr.App.1984), and *Enstminger v. Iowa*, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed. 2d 501 (1967).

Concerning applicant's indigency status, he was clearly indigent during all the time he has been appointed various counsel, and as of the filing of this application he remains incarcerated in the Texas Department of Corrections. His indigency is not contested by the State, although the State clearly has the right to do so at any stage of the appellate process, past or future. For now however, it is clear that applicant was indigent at time of remand, did not waive his right to court appointed counsel, and hence was entitled to meaningful representation in the form of effective assistance of counsel on this appeal. We must now determine the effect of this non-representation.

Normally one might expect a traditional effective assistance of counsel analysis at this juncture, such as was outlined in *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr. App.1986), and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to judge the effect of counsel's alleged deficiencies. However, in analogous situations where an applicant received no representation at all, we have found it unnecessary to perform such analysis. As stated in *Ward v. State*, 740 S.W.2d 794 (Tex.Cr.App.1987):

"Although we have found that appellant's trial counsel remained appellant's counsel on appeal for failure to withdraw, it is quite obvious that counsel believed that his representation of appellant had ceased after trial. Consequently, an in-depth analysis of whether the appellant received *effective* assistance of counsel is unnecessary as it is apparent that the appellant as a practical matter received *no* assistance...."

This holding in *Ward*, supra, applies in this matter because the appellant received *no* assistance upon remand and resubmission of his appeal to the Court of Appeals. Whether due to miscommunication or incompetence, the resultant inaction of court appointed counsel upon appellate remand constituted a denial of effective counsel.

We therefore hold that applicant was entitled to representation by counsel before the Court of Appeals after remand from this Court, and further hold that the total absence of *any* assistance of counsel at that juncture entitles him to the relief requested.

Therefore, the Court of Appeals' ultimate decision to affirm the judgment of the trial court is reversed and the case is remanded to that court with instructions to reinstate applicant's appeal to the status it held when the order of remand from this Court originally issued, and for further proceedings not inconsistent with this opinion.