**Dale Leeross ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 504–89.**

Court of Criminal Appeals of Texas, En Banc.

May 30, 1990.

Sara Fauls, Abilene, for appellant.

James Eidson, Dist. Atty., and Mark Westenhoover, Asst. Dist. Atty., Abilene,

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

A jury convicted appellant of murder and assessed his punishment at 50 years confinement in the Texas Department of Corrections.[1] This conviction was affirmed by the Court of Appeals. *Robinson v. State*, No. 11-87-030-CR (Tex.App.—Eastland, delivered July 23, 1987). We granted appellant's petition for discretionary review and remanded in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988). *Robinson v. State*, No. 942-87 (Tex.Cr.App. delivered November 23, 1988). The Court of Appeals again affirmed in an unpublished opinion on January 12, 1989.

Appellant's second ground for review assails the Court of Appeals' action in deciding his appeal on remand without allowing him to be represented by counsel. We will reverse and remand to the Court of Appeals.

Appellant was represented by appointed counsel in his original appeal and first petition for discretionary review. On remand no new brief was filed by counsel. This record does not indicate whether the clerk of the Court of Appeals notified the trial court or counsel for the parties that no brief was filed, nor does it reflect that the trial court was ordered to conduct a hearing as to why no brief was filed. See Tex.R.App.Pro. 74(*l*)(2).[2]

In *Ex parte Lopez*, 763 S.W.2d 427, 429 (Tex.Cr.App.1989), we held:

> The decision by this Court to remand the cause to the Court of Appeals for *Almanza* analysis reinstated the status of said cause to the first level of appeal, a stage of proceeding in which applicant had the right to appointed counsel if he was indigent at the time of the remand. And as we stated in [*Ex parte*] *Lopez*, 745 S.W.2d [29] at 30 [Tex.Cr.App.1988];
>
> > "After we reviewed the case and sent it back to [the Corpus Christi Court of Appeals] for further consideration of its initial decision, *applicant stood in the same position as he did when the initial appeal was filed.* Thus applicant should have been afforded counsel in the Court of Appeals if he was indigent at the time of the remand to the Court of Appeals."

The Rules of Appellate Procedure do not specifically address procedures in the courts of appeals after remand by this Court. However, because an appellant whose case is remanded to the Court of Appeals stands "in the same position as he did when the initial appeal was filed," the appellate rules apply just as though the appeal were on original submission.

In this case the return of the record to the Court of Appeals was equivalent to

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

2. Tex.R.App.Pro. 74(*l*)(2) provides:
   In criminal cases, appellant's failure to file a brief in the time prescribed shall not authorize dismissal of the appeal or, except as herein provided, consideration of the appeal without briefs. When the appellant's brief has not been filed within such time, the clerk of the appellate court shall notify counsel for the parties and the trial judge that appellant's brief has not been filed. If no satisfactory response is received within ten days, the appellate court shall order the trial judge to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

   For this purpose the trial judge shall conduct such hearings as may be necessary, make appropriate findings and recommendations, and prepare a record of the proceedings. If the appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The record so made, including any orders and findings of the trial judge, shall be sent to the appellate court, which may take appropriate action to insure that the appellant's rights are protected, including contempt proceedings against counsel. If the trial judge finds that the appellant no longer desires to prosecute the appeal, or that he is not indigent but has failed to make necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

"the filing of the transcript and statement of facts," such that appellant's counsel had thirty days to file a brief for appellant. Tex.R.App.Pro. 74(k). When no such brief was timely filed, the Court of Appeals was required to inquire as to the reason for that omission. Tex.R.App.Pro. 74(*l*)(2). In the absence of any brief by counsel or inquiry by the Court of Appeals it must be presumed that an indigent appellant was not represented by counsel.[3]

The question of whether appellant will succeed on the merits, see *Arnold v. State*, 784 S.W.2d 372 (Tex.Cr.App.1990), is not relevant to this inquiry.[4] The absence of any assistance of counsel after remand entitles appellant to have this cause returned to the Court of Appeals for reconsideration with the assistance of counsel. *Lopez*, 763 S.W.2d at 430.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for action not inconsistent with this opinion.

BERCHELMANN, J., not participating.

---

**3.** Subsequent to delivery of the Court of Appeals' opinion on remand appellant, pro se, timely obtained from this Court an extension of time to file a petition for discretionary review. During this period, but after expiration of time to file a motion for rehearing in the Court of Appeals, he filed in that court a motion for appointment of counsel for both a reconsideration of this case on remand and for a petition for discretionary review.

The Court of Appeals delivered a written order denying his request for appointment of counsel, stating "that *Lopez* is factually distinguishable from the present case. Appellant was represented on remand before this Court by court-appointed counsel. There is no showing in the record before us that his court-appointed counsel has been allowed to withdraw."

*Lopez* does differ in that nothing in this record indicates that appellant's counsel thought that he was removed from the case, whereas Lopez' counsel testified that he thought he was no longer counsel of record. We believe this distinction is without legal significance. Representation by counsel on appeal consists of the filing of an appellate record and a brief, possi-
bly with oral argument, and is not shown by the mere fact of appointment without withdrawal. No brief was filed by counsel on remand, and there is no indication oral argument was presented.

The State in its response to appellant's petition concedes that appellant was not actually represented by counsel on remand in this cause.

We do not believe any of the procedural facts occurring after delivery of the opinion on remand are relevant to the decision in this case. It is not necessary for an appellant to affirmatively request appointment of counsel on remand. The appellate rules place the burden on the appellate courts to ensure that a lack of representation by counsel on remand is the result of appellant's actions or informed decisions, and not of counsel's negligence or other failings within the appellate process.

**4.** We granted appellant's first ground for review to determine whether the Court of Appeals conducted an appropriate analysis for harmless error under Tex.R.App.Proc. 81(b)(2). In light of our disposition of appellant's second ground for review, we do not need to address this issue.