**Clinton Robert REDMAN**

v.

**The STATE of Texas.**

**No. 12–90–00132–CR.**

Court of Appeals of Texas,
Tyler.

Feb. 8, 1993.

Kenneth A. Huchton, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

OPINION FOLLOWING REMAND TO TRIAL COURT

ONION, Presiding Judge (Retired)[1].

On original submission, this Court, *inter alia,* remanded the cause to the trial court with instructions to conduct a *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), hearing. That hearing has been conducted and the trial court has transmitted the record and its findings of facts and conclusions of law to this Court.

Thereafter, Appellant and the State were advised of their right to rebrief the *Batson* issue. *See Robinson v. State,* 790 S.W.2d 334, 335 (Tex.Cr.App.1990).

Appellant, in his supplemental brief, contends that the record following remand now shows a violation of the *Batson* rule that a prosecutor violates the Equal Protection Clause of the FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION, by challenging potential jurors solely on the basis of race. *See Batson,* 476 U.S. at 89, 106 S.Ct. at 1719; TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989). The State has filed no supplemental brief.

The trial court found that Appellant was black and that the State exercised peremptory challenges against prospective jurors, Webb and Carey, the only blacks on the jury panel. The trial court in effect con-

---

1. The panel before whom this cause was submitted consisted of John F. Onion, Jr., Presiding Judge (Retired), Court of Criminal Appeals, Stephen F. Preslar, Chief Justice (Retired), El Paso Court of Appeals, and Raleigh Brown, Justice (Retired), Eastland Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

cluded that Appellant had established a *prima facie* showing of racial discrimination and that the State's reasons for exercising its peremptory strikes against Webb and Carey "were not racially neutral as to the case on trial and were speculative in nature." The record supports the trial court's findings and conclusions. Appellant's point of error following remand is sustained.

The judgment is reversed and the cause is remanded to the trial court.