**Joe Louis THEUS, Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. 971–93, 972–93.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1993.

---

DeEdward J. Greer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West & Elsa Alcala, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was convicted by a jury of possession and delivery of less than twenty-eight grams of cocaine, enhanced by proof of one prior conviction, and sentenced by the court to concurrent thirty-five and twenty-five year terms of confinement. The Court of Appeals affirmed. *Theus v. State,* 816 S.W.2d 773 (Tex.App.—Houston [14th] 1991). We reversed the conviction because of the erroneous introduction of a prior arson conviction during the guilt or innocence phase of trial, and remanded the case to the Court of Appeals for a harm analysis pursuant to Tex. R.App.Pro. 81(b)(2). *Theus v. State,* 845 S.W.2d 874 (Tex.Cr.App.1992). On remand, the Court of Appeals found the error harmless beyond a reasonable doubt. *Theus v. State,* 858 S.W.2d 25 (Tex.App.—Houston [14th] 1993). Appellant is once again before this Court.

In his third ground for review, appellant complains the Court of Appeals erred in failing to afford him the opportunity to file a brief after remand. He states that no notice was sent informing him of his right to file a brief, nor did the Court of Appeals inquire why none was filed. Tex.R.App.Pro. 74(*l*)(2).[1] The record supports this contention.

---

1. Rule 74(*l*) provides in pertinent part:

   (2) Criminal Cases. In criminal cases, appellant's failure to file a brief in the time prescribed shall not authorize dismissal of the appeal or, except as herein provided, consideration of the appeal without briefs. *When the appellant's brief has not been filed within such time, the clerk of the appellate court shall notify counsel for the parties and the trial judge that appellant's brief has not been filed. If no satisfactory response is received within ten days, the appellate court shall order the judge to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations. For this purpose the trial judge shall conduct such hearings as may* be necessary, make appropriate findings and recommendations, and prepare a record of the proceedings. If the appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The record so made, including any orders and findings of the trial judge, shall be sent to the appellate court, which may take appropriate action to insure that the appellant's rights are protected, including contempt proceedings against counsel. If the trial judge finds that the appellant no longer desires to prosecute the appeal, or that he is not indigent but has failed to make necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.
   (emphasis added)

This Court has previously held that an indigent appellant is entitled to the assistance of appointed counsel in filing a brief on remand from this Court. *Robinson v. State*, 790 S.W.2d 334 (Tex.Cr.App.1990); *Williams v. State*, 790 S.W.2d 336 (Tex.Cr.App.1990). Although the Rules of Appellate Procedure do not specifically address procedures in the courts of appeals after remand, we opined that, because an appellant stands in the same position as he did when the initial appeal was filed, the appellate rules apply just as though the appeal were on original submission. *Robinson*, supra at 335; *Williams*, supra at 338.

In the instant case, as in *Robinson* and *Williams*, the return of the record to the appellate court was equivalent to the filing of the transcript and statement of facts, giving counsel thirty days in which to file a brief on appellant's behalf. Tex.R.App.Pro. 74(k). When no brief had been timely filed, the Court of Appeals was obligated to inquire as to the reason for that omission. Tex.R.App. Pro. 74(*l*)(2). In the absence of any brief by counsel or inquiry by the appellate court it must be presumed that appellant was not represented by counsel.[2]

Therefore, appellant's third ground for review is summarily granted. The judgment of the Court of Appeals is vacated, and the case is once again remanded to that court in order that appellant may file a brief after remand. Appellant's first and second grounds for review are dismissed without prejudice.

---

2. Appellant asserts he was indigent and was represented by appointed counsel on appeal and after remand. However, Rule 74(*l*)(2) places the onus on the Court of Appeals to make inquiries as to whether counsel desires to file a brief.