Clinton Mae BELL, Appellant,

v.

The STATE of Texas.

No. 1567–96.

Court of Criminal Appeals of Texas, En Banc.

Oct. 29, 1997.

Henry L. Burkholder, III, Houston, for appellant.

Dan McCory, Asst. District Attorney, Houston, Matthew Paul, State's Atty., Austin, for State.

---

*OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellant was convicted by a jury of delivery of a controlled substance. The trial court assessed punishment at confinement for five years. The Court of Appeals affirmed. *Bell v. State*, No. 01–95–00137–CR, 1995 WL 704202 (Tex.App.-Houston [1st Dist.], delivered November 30, 1995). In that appeal, appellant challenged both the legal and the factual sufficiency of the evidence to support the conviction. The Court of Appeals found the evidence to be legally sufficient to support appellant's conviction but declined to engage in a factual sufficiency review of the evidence to support the conviction. We vacated that judgment and remanded to the Court of Appeals to address appellant's factual sufficiency claim in accord with our opinion in *Clewis v. State*, 922 S.W.2d 126 (Tex.Cr.App.1996). *Bell v. State*, No. 100–96 (Tex.Cr.App, unpublished, delivered June 5, 1996). On remand, the Court of Appeals found the jury's guilty verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Bell v. State*, No 01–95–00137–CR, 1996 WL 445033 (Tex.App.-Houston [1st Dist.], delivered August 8, 1996)(opinion on remand). The Court of Appeals affirmed the conviction. *Bell*, No. 01–95–00137–CR, slip op. at 4.

In this petition for discretionary review, appellant complains that the Court of Appeals erred in failing to afford her the opportunity to file a brief after we remanded the case to the Court of Appeals to address appellant's factual sufficiency claim. Appellant expressly relies on *Theus v. State*, 863 S.W.2d 489, 491 (Tex.Cr.App.1993)(On remand of the case from the Court of Criminal Appeals to the Court of Appeals for harm analysis, the Court of Appeals is required to afford the defendant an opportunity to file a brief).

However, the instant case is factually distinguishable from *Theus*. In *Theus*, the defendant was convicted by a jury of possession and delivery of less than twenty-eight grams of cocaine. In his direct appeal, the defendant raised one point of error complaining that the trial court abused its discretion during guilt-innocence in allowing the cross-examination of the defendant about a prior felony conviction. His brief made no claim that the alleged error contributed to the conviction or to the punishment. Tex.R.App. Pro. 81(b)(2). The Court of Appeals found no error. *See Theus*, 863 S.W.2d at 490. On the defendant's petition for discretionary review, this Court held that the introduction of the prior felony conviction was erroneous, and reversed and remanded the case to the Court of Appeals for a harm analysis pursuant to Tex.R.App.Pro. 81(b)(2). *Theus*, 863 S.W.2d at 490.

On remand, the Court of Appeals found the error harmless and again affirmed the conviction without affording the defendant opportunity to brief the harm issue. *See Theus*, 863 S.W.2d at 490. On petition for discretionary review, we held the Court of Appeals erred to conduct the harm analysis without affording the defendant opportunity to brief the harm issue. *See Theus*, 863 S.W.2d at 491. We again remanded the case to the Court of Appeals "in order that [defendant] may file a brief after remand." *Id.* The overriding principle announced in *Theus* and the cases upon which it relies, at least where this Court has found some error in a Court of Appeal's opinion and remands the case there for a harm analysis, appears to be that a party should be afforded another opportunity to brief the harm issue.

In this case, appellant had an opportunity and did in fact brief the factual sufficiency issue in her initial brief on direct appeal. Therefore, appellant would not be prejudiced by the lack of another opportunity to file another brief on remand because this would simply be a carbon-copy of the original brief advancing the same arguments and addressing the same issues. Therefore, we affirm the judgment of the Court of Appeals.