TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

ON REMAND

NO. 03-99-00047-CR

Ronald Craig Wiley, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. CR-98-173-K26, HONORABLE WILLIAM LOTT, JUDGE PRESIDING

We affirmed appellant Ronald Craig Wiley's conviction for arson on original
submission. See Wiley v. State, No. 03-99-00047-CR (Tex. App.--Austin Mar. 9, 2000) (not
designated for publication). Appellant petitioned for discretionary review, complaining among
other things that we did not address the contention that he was denied his constitutional right to
present a defense. The court of criminal appeals granted review on that ground only, vacated our
judgment, and remanded the cause for this Court to address the constitutional issue. See Wiley
v. State, No. 732-00 (Tex. Crim. App. June 28, 2000) (not designated for publication). Because
the issue was fully briefed on original submission, supplemental briefing was not required. See
Bell v. State, 956 S.W.2d 560, 561 (Tex. Crim. App. 1997).

Appellant sought to present a witness who would have testified that she saw Charles
Thomas, who was convicted of attempted arson in 1992, inside the building three days before the
fire. The district court excluded this testimony pursuant to Texas Rule of Evidence 403. 
Appellant contends this ruling violated his constitutional rights to due process and due course of
law, and to compulsory process. See U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10, 19. 
Appellant does not present separate arguments under the federal and state constitutions.

Few rights are more fundamental than that of the accused to present witnesses in
his own defense. See Chambers v. Mississippi, 410 U.S. 284, 302 (1973). In the exercise of this
right, however, the accused must comply with established rules of procedure and evidence. See
id. Rule 403 authorizes the exclusion of relevant evidence if its probative value is substantially
outweighed by the danger of unfair prejudice or confusion of the issues. See Tex. R. Evid. 403. 
Appellant does not argue that rule 403 is unconstitutional on its face, and could not. Trial courts
must be given wide latitude under the constitution to exclude evidence that is repetitive,
marginally relevant, or poses an undue risk of harassment, prejudice, or confusion of the issues. 
See Crane v. Kentucky, 476 U.S. 683, 689-90 (1986); Delaware v. Van Arsdall, 475 U.S. 673,
679 (1986).

We explained in our original opinion why we believe the district court did not
abuse its discretion under rule 403 by excluding the proffered testimony. For the same reasons,
the court did not abuse its constitutional discretion to exclude unfairly prejudicial, confusing, or
marginally relevant evidence. Appellant's constitutional right to present witnesses in his own
behalf was not violated. Issue one is overruled.

Our disposition of appellant's remaining issues was not disturbed by the court of
criminal appeals. The judgment of conviction is affirmed.

 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed on Remand

Filed: August 10, 2000

Do Not Publish