**In re Ivo NABELEK.**

**No. 10–06–00241–CV.**

Court of Appeals of Texas, Waco.

Sept. 20, 2006.

Ivo Nabelek, Amarillo, pro se.

Julia H. Murray, Office of Attorney General, Austin, for Appellee/Respondent.

### DISSENTING OPINION TO ORDER REQUESTING A RESPONSE TO A PETITION FOR WRIT OF MANDAMUS

TOM GRAY, Chief Justice.

Ivo Nabelek has filed a Petition for Writ of Mandamus seeking a ruling by the trial court on a motion that has been on file

since May, 2005. The May 25, 2005 motion pending before the trial court is allegedly titled, "Plaintiff's Pro Se Motion for a Court Order to Direct the Defendants and TDCJ ID Not to Destroy Disciplinary Records and Other Evidence and Property Items Pending Discovery and Disposition of This Suit." Nabelek re-urged his motion in October, 2005. The motion is pending in *Nabelek v. Chiles,* trial court case number 05–10755–278–10 in Madison County. It has not been made a part of the record.

In addition to the petition, Nabelek has filed the following motions in this Court:

1. A motion to proceed without the payment of cost. I would grant.

2. A motion to suspend the rules and authorize the filing of only the original document with the court. I would grant but remind Nabelek that this does not suspend the requirement that a copy of every document to be presented to the Court must also be served according to the Rules of Appellate Procedure. TEX.R.APP. P. 9.5.

3. A motion to obtain relevant records from the trial court clerk. I would dismiss this motion as moot.

4. A motion to accelerate submission and consideration of the petition. I would grant this motion.

Nabelek has filed a civil proceeding to which the records he seeks relate. He has failed to allege or establish that there is not an exception to the State's record retention policy for records related to ongoing litigation. He has failed to allege or establish that, notwithstanding such an exception or the pendency of litigation, the State nevertheless intends to destroy relevant evidence. He has failed to allege or establish that, in that event, a spoliation instruction would not adequately protect his interest. Because of the mentioned failures, Nabelek has failed to show that

relief by appeal would be inadequate for the trial court's alleged failure to rule on the motion.

Further, when I first came to this Court, Justice Vance responded to a ruling I proposed on a motion with some good advice. He suggested that unless disposition of the motion was necessary to allow the appeal to move forward, it should be carried with the appeal and disposed of when necessary. As he stated, "it leaves our options open." As a result of this philosophy, exercising our discretion, we have "carried" motions for long periods of time, well over a year, if the motion was not necessary to allow the appeal to move forward.

Having evaluated the type of motions on which we have, by mandamus, compelled a trial court to rule in the past, you can see this same philosophy applied, until today.

There is no reason for the trial court to have to rule on the merits of Nabelek's motion. It is the type motion that can be carried until judgment and possibly never ruled on at all. This is because there is an adequate remedy by appeal if the records sought are destroyed in violation of the retention schedule, pending litigation exceptions therein, or the rules of civil procedure.

Finally, it concerns me greatly that we would inject ourselves into what should be within the discretionary domain of the trial court. This is inmate litigation. This trial court deals with a lot of inmate litigation. Inmates, acting as their own lawyers, file a lot of frivolous and unintelligible motions. Why we would want to become the proctor, telling the trial court that "you have had that motion long enough, it is time to rule on it" is beyond me. Yes, there are some motions on which rulings are necessary for a case to go forward. This is not one of those motions. In fact, if the items sought to be protected by the alleged motion have been sought and produced in

discovery, Nabelek would have his own copy of them. And if there is adequate relief by discovery, the petition should also be denied.

If every fact alleged by Nabelek is true, requesting a response to this petition for a writ of mandamus is a waste of the collective resources of this Court, the State judicial system, the taxpayers of this State, and ultimately infringes on the rights of parties who properly have matters pending before this Court that need a resolution.

Because, upon the facts alleged, Nabelek has not shown that the trial court has failed to perform a ministerial duty, or that he does not have an adequate remedy other than by mandamus, I would not request a response, and I would deny the petition for writ of mandamus. Accordingly, I dissent to the majority's request for a response.