**Johnny Ray ABBOTT, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–07–00295–CR.**

Court of Appeals of Texas, Waco.

April 8, 2009.

Gary A. Udashen, Sorrels Udashen & Anton, Dallas, TX, for Appellant/Relator.

Joe F. Grubbs, Ellis County District Attorney, Waxahachie, TX, for Appellee/Respondent.

## CONCURRENCE

TOM GRAY, Chief Justice.

I agree with almost everything stated in the dissenting opinion. The problem with the analysis in the dissenting opinion, and why I cannot join in the procedure it advocates, is that it simply stops short of the relevant rule. In this proceeding, this Court's original opinion, *Abbott v. State*, 245 S.W.3d 19, 22 (Tex.App.-Waco 2007) to which I dissented, was reversed by the Court of Criminal Appeals. *Abbott v. State*, 271 S.W.3d 694, 697 (Tex.Crim.App. 2008). On remand, the Clerk is now inquiring why we have not received a brief from the appellant and also noting we are questioning our jurisdiction. This letter is in compliance with over 20 years of precedent from the Court of Criminal Appeals and the applicable Rules of Appellate Procedure.

The case to which the relevant legal analysis can be traced is a writ of habeas corpus proceeding. *Ex parte Lopez*, 745 S.W.2d 29 (Tex.Crim.App.1988). The Court of Criminal Appeals held that on remand the defendant "stood in the same position as he did when the initial appeal was filed." *Lopez*, 745 S.W.2d at 30. The Court noted that the allegation of the applicant in the petition was that on remand he had been abandoned by his original counsel and that no counsel was appointed to represent him. *Id.* at 29. The Court noted that the United States Constitution requires the appointment of counsel to represent indigent defendants in a first level of appeal as a matter of right. *Id.* at 30. Therefore, because the record was unclear whether Lopez was represented by counsel on remand, the Court remanded the proceeding to the trial court for an evidentiary hearing. When the case was returned to the Court of Criminal Appeals on the record developed by the trial court, the Court stated as follows.

It becomes apparent then that applicant was in fact not represented by counsel in front of the Corpus Christi Court of Appeals when they heard his case in 1985 on remand from this court, and affirmed the judgment of the convicting court. (Citation omitted). The question now becomes: Was applicant entitled to representation of counsel upon remand. We answer in the affirmative.

*Ex parte Lopez*, 763 S.W.2d 427, 429 (Tex. Crim.App.1989).

In a pair of cases decided on the same day in the year following *Lopez*, the Court of Criminal Appeals elaborated on the mechanism designed to insure the protection of the defendant's right to counsel. *Robinson v. State*, 790 S.W.2d 334 (Tex. Crim.App.1990); *Williams v. State*, 790 S.W.2d 336 (Tex.Crim.App.1990). In this pair of cases, the Court discussed the relevant rules to protect the defendant from not being represented by counsel. The Court made the following statement in both cases.

Appellant was represented by appointed counsel in his original appeal and first petition for discretionary review. On remand no new brief was filed by counsel. This record does not indicate whether the clerk of the Court of Appeals notified the trial court or counsel for the parties that no brief was filed, nor does it reflect that the trial court was ordered to conduct a hearing as to why no brief was filed. See Tex.R.App. Pro. 74(*l*)(2). (Now Rule 38.8(b)).

*Robinson,* 790 S.W.2d at 335 (footnote omitted); *Williams,* 790 S.W.2d at 337 (footnote omitted).

The Court went on to clarify the precise procedural posture of the case after remand and how the rules applied. The Court made the following statement in both cases.

The Rules of Appellate Procedure do not specifically address procedures in the courts of appeals after remand by this Court. However, because an appellant whose case is remanded to the Court of Appeals stands "in the same position as he did when the initial appeal was filed," the appellate rules apply just as though the appeal were on original submission.

In this case the return of the record to the Court of Appeals was equivalent to "the filing of the transcript and statement of facts," such that appellant's counsel had thirty days to file a brief for appellant. Tex.R.App.Pro. 74(k). When no such brief was timely filed, the Court of Appeals was required to inquire as to the reason for that omission. Tex. R.App.Pro. 74(*l*)(2). In the absence of any brief by counsel or inquiry by the Court of Appeals it must be presumed that an indigent appellant was not represented by counsel.

The question of whether appellant will succeed on the merits, see *Arnold v. State,* 784 S.W.2d 372 (Tex.Cr.App.1990), is not relevant to this inquiry. The absence of any assistance of counsel after remand entitles appellant to have this cause returned to the Court of Appeals for reconsideration with the assistance of counsel. *Lopez,* 763 S.W.2d at 430. *Robinson,* 790 S.W.2d at 335–336 (footnotes omitted); *Williams,* 790 S.W.2d at 337–338.

The Court has consistently followed this requirement in subsequent cases. *Reich–*

*Bacot,* 952 S.W.2d 542 (Tex.Crim.App. 1997); *Theus v. State,* 863 S.W.2d 489 (Tex.Crim.App.1993). And for the clarification of the procedure, the San Antonio Court of Appeals discussed the procedure to be used in some detail, including quoting Local Rule 12 of this Court (now Local Rule 19) which specifically addresses the time to file briefs on remand. *Muniz v. State,* 865 S.W.2d 513, 514–16 (Tex.App.-San Antonio 1993, pet ref'd).

The only case that is in the least inconsistent with this line of authority is *Bell v. State,* 956 S.W.2d 560 (Tex.Crim.App. 1997). *Bell* discussed and distinguished only *Theus.* And while it does not fit neatly within the rule and precedent, it is important to note that it was decided on the basis that the appellant was not harmed by the lack of additional briefing and does not address whether the record made clear that the appellant was in fact represented by counsel on appeal after remand. In any event, the Court of Criminal Appeals seems to conclude that under the unique facts of that case, it was error, but it was harmless, to not give the appellant the opportunity to submit briefing on remand.

In summary, the Clerk is doing exactly what the Court of Criminal Appeals and the Rules of Appellate Procedure require—notifying the parties that a brief is due but none has been filed. If the parties want to expedite the proceeding, they should immediately inform the Court that they will rely upon their briefs on original submission, which either party is entitled to do. But the critical inquiry will come from this Court if we do not get a brief or a letter that indicates that counsel will rely upon his original brief for the representation of the appellant. In that event, this Court will then be obligated to abate the appeal to the trial court to determine

whether the appellant is being represented by counsel and why no brief has been filed.

I note that the dissent takes the position that additional briefing is futile. I direct the dissenter to *Robinson* and *Williams* in which the Court of Criminal Appeals, while setting down the application of the rules to this fact pattern, took the effort to state specifically that "[t]he question of whether appellant will succeed on the merits is not relevant to the inquiry." *Robinson*, 790 S.W.2d at 336; *Williams*, 790 S.W.2d at 338. (Citation omitted).

Finally, I note that the dissent cites to a dissenting note I wrote in *In re Nabelek*, 200 S.W.3d 364, 366 (Tex.App.-Waco 2006, orig. proceeding) (Gray, C.J., dissenting). In that original proceeding, we could have avoided what I believed was a waste of resources by simply giving the petitioner the benefit of every allegation he made in his petition for writ of mandamus and then proceed to deny the petition on the merits because he was not entitled to relief. But in this proceeding, we are instructed by the Court of Criminal Appeals that because this is an issue of the absence of counsel at a time when the appellant is entitled to counsel, the merits of what might be presented in those briefs is not relevant. *See Lopez, Robinson*, and *Williams*.

Further, to consider the amount of resources potentially expended if we fail to inquire about the briefs and representation on remand, we must factor in the ramifications of what has happened in another appeal at this Court. Over 20 years ago this Court's opinion in *Brown v. State* was reversed by the Court of Criminal Appeals and remanded to this Court. *Brown v. State*, No. 10–83–00095–CR, (Tex.App.-Waco Dec. 27, 1984), *rev'd & rem'd*, No. PD–0182–85 (Tex.Crim.App. Nov. 25, 1987) (not designated for publication). This Court did not inquire as to why no brief was filed on remand but simply decided the case based on the briefs already on file. Since that date, Brown has filed a number of proceedings asserting a deprivation of counsel with which we have had to deal, the most recent of which is a mandamus proceeding filed in the Texas Supreme Court on February 25, 2009 (No. 09–0167) against the former Chief Justice of this Court, Frank G. McDonald and the Court's former Clerk, Imogene Allen. On March 25, 2009, we had to refer the matter to the Texas Attorney General's Office for representation of the former employees of this Court. Thus, the relatively insignificant cost of compliance with the Rule would have saved Brown years of struggling with the issue and the consumption of untold judicial resources and expense to the State of Texas.

In this proceeding, we are doing what we have been instructed to do and that which we are required to do by the Rules of Appellate Procedure. It may seem futile, but that alone does not justify violation of the rules that we expect the parties to abide by and the precedent by which this Court is bound. If the Court of Criminal Appeals had remanded this proceeding with specific instructions for this Court to dismiss the appeal, as they could have done but did not, I would have no problem taking the action the dissent wants to take as being an exception to the rules and precedent. The Court of Criminal Appeals, however, simply remanded it for further proceedings consistent with their opinion. The "further proceedings" that the Clerk is now taking in the letter inquiring about the status of the briefing on remand is entirely consistent with the procedures necessary to properly conform our judgment to the opinion of the Court of Criminal Appeals.

Accordingly, I respectfully concur in the actions being taken by the Court's Clerk

but have to note my disagreement with the dissenting opinion to that action.

## DISSENTING OPINION TO LETTER ORDER REQUESTING ADDITIONAL BRIEFING ON REMAND

FELIPE REYNA, Justice.

The majority has voted to issue the following letter order requesting additional briefing in this appeal which is on remand from the Court of Criminal Appeals:

> The record and mandate of the Court of Criminal Appeals have been received and the case has been reinstated on this Court's docket.
>
> The Appellant will have 30 days from the above date to file an additional brief and the State will have 30 days after the filing of Appellant's brief to file a response.
>
> It appears that this Court does not have jurisdiction of this appeal. *See Abbott v. State,* 271 S.W.3d 694, 697 (Tex.Crim. App.2008). The Court therefore requests the parties to address jurisdiction in their additional briefs.

I respectfully dissent.

The parties fully briefed the issue of this Court's jurisdiction in the Court of Criminal Appeals. *See Abbott,* 271 S.W.3d at 696. The Court of Criminal Appeals unequivocally held that this Court does not have jurisdiction and that we "should have dismissed the appeal for lack of jurisdic-

tion." *Id.* at 695, 697. There is nothing further to be decided, and this appeal must be dismissed for want of jurisdiction. *See Strange v. State,* 258 S.W.3d 184, 185 (Tex. App.-Houston [1st Dist.] 2007, pet. ref'd) ("If our jurisdiction has not been legally invoked, our only appropriate disposition is to dismiss for want of jurisdiction."). Requesting additional briefing on remand is a futile exercise which unnecessarily burdens the parties and constitutes an unnecessary expenditure of scarce judicial resources. *See In re Nabelek,* 200 S.W.3d 364, 366 (Tex.App.-Waco 2006, orig. proceeding) (Gray, C.J., dissenting) ("If every fact alleged by Nabelek is true, requesting a response to this petition for a writ of mandamus is a waste of the collective resources of this Court, the State judicial system, the taxpayers of this State, and ultimately infringes on the rights of parties who properly have matters pending before this Court that need a resolution."); *see also Bell v. State,* 956 S.W.2d 560, 561 (Tex.Crim.App.1997) (briefing on remand unnecessary for issue already briefed by parties).

Because the majority insists on pursuing this course, I respectfully dissent.