

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00295-CR

**JOHNNY RAY ABBOTT,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

---

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 28838CR

---

## DISSENTING  OPINION TO LETTER ORDER
## REQUESTING ADDITIONAL BRIEFING ON REMAND

---

The majority has voted to issue the following letter order requesting additional

briefing in this appeal which is on remand from the Court of Criminal Appeals:

> The record and mandate of the Court of Criminal Appeals have been
> received and the case has been reinstated on this Court's docket.
>
> The Appellant will have 30 days from the above date to file an additional
> brief and the State will have 30 days after the filing of Appellant's brief to
> file a response.
>
> It appears that this Court does not have jurisdiction of this appeal.  *See
> Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008).  The Court

therefore requests the parties to address jurisdiction in their additional briefs.

I respectfully dissent.

The parties fully briefed the issue of this Court's jurisdiction in the Court of Criminal Appeals. *See Abbott*, 271 S.W.3d at 696. The Court of Criminal Appeals unequivocally held that this Court does not have jurisdiction and that we "should have dismissed the appeal for lack of jurisdiction." *Id.* at 695, 697. There is nothing further to be decided, and this appeal must be dismissed for want of jurisdiction. *See Strange v. State*, 258 S.W.3d 184, 185 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("If our jurisdiction has not been legally invoked, our only appropriate disposition is to dismiss for want of jurisdiction."). Requesting additional briefing on remand is a futile exercise which unnecessarily burdens the parties and constitutes an unnecessary expenditure of scarce judicial resources. *See In re Nabelek*, 200 S.W.3d 364, 366 (Tex. App.—Waco 2006, orig. proceeding) (Gray, C.J., dissenting) ("If every fact alleged by Nabelek is true, requesting a response to this petition for a writ of mandamus is a waste of the collective resources of this Court, the State judicial system, the taxpayers of this State, and ultimately infringes on the rights of parties who properly have matters pending before this Court that need a resolution."); *see also Bell v. State*, 956 S.W.2d 560, 561 (Tex. Crim. App. 1997) (briefing on remand unnecessary for issue already briefed by parties).

Because the majority insists on pursuing this course, I respectfully dissent.

FELIPE REYNA
Justice

Dissenting opinion delivered and filed April 8, 2009
Publish