**REVERSE and RENDER; and Opinion Filed August 6, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-10-00162-CR**

**DERWIN TRISHON BROWN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F08-56341-HI**

## OPINION ON REMAND

Before Justices Moseley, FitzGerald, and Lewis
Opinion by Justice Lewis

A jury convicted Derwin Trishon Brown of failure to register as a sex offender and sentenced him to sixteen years' imprisonment and a $10,000 fine. This Court affirmed the conviction in an unpublished opinion on March 28, 2012. The Court of Criminal Appeals granted Brown's petition for discretionary review to determine whether this Court correctly determined (1) the State does not have to establish that the Department of Public Safety ("DPS") made a finding that an out of state conviction is substantially similar to a Texas offense that requires sex offender registration; and (2) it was not error for the trial court to charge the jury that, as a matter of law, his previous conviction in Louisiana is for an offense that is substantially similar to a Texas offense that requires sex offender registration. *See Brown v. State*, No. PD-0524-12, 2013 WL 458102 (Tex. Crim. App. Feb. 6, 2013) ("*Brown II*"). While the case was pending before the Court of Criminal Appeals, the Court of Criminal Appeals issued *Crabtree v. State*, 389 S.W.3d

820 (Tex. Crim. App. 2012), in which it determined that a DPS substantial-similarity determination is an essential element of the offense of failure to comply with sex offender registration requirements. *Crabtree*, 389 S.W.3d at 832. Noting that we did not have the benefit of *Crabtree* when we decided Brown's appeal, the Court of Criminal Appeals vacated our judgment and remanded the cause to us "for consideration in light of" *Crabtree*. *Brown II*, 2013 WL 458102, at \*1. Following remand, we gave the parties the opportunity to file supplemental briefs. *See Robinson v. State*, 790 S.W.2d 334, 335-36 (Tex. Crim. App. 1990). The State filed a supplemental brief. Appellant filed neither a waiver nor a brief. Having considered appellant's issues from original submission, for the reasons that follow, we now reverse the trial court's judgment and render a judgment of acquittal.

*Background*

Appellant was convicted for sexual battery in Madison Parish, Louisiana, on November 8, 2007, as well as other convictions in Louisiana between 1997 and 2004. In March 2008, appellant applied for a Texas Identification Card, indicating that he was residing in Dallas. After receiving a tip that appellant was a sex offender who had moved to Dallas, Texas, the Dallas police searched and found appellant in Dallas and arrested him. The investigating officer confirmed appellant had never registered with the Dallas police. Appellant was charged by indictment with failure to register as a sex offender based on a conviction in Louisiana for sexual battery. Appellant pled not guilty, and a jury trial was conducted. During the trial, the State presented the judge with copies of the statutes defining sexual battery under Louisiana law and the statute defining sexual assault under Texas law and requested he take "judicial notice" of the substantial similarity between the two offenses. Appellant did not object to the judicial notice. However, the State neglected to introduce a determination made by the DPS declaring the Louisiana offense to be substantially similar to any Texas offense. The jury returned a guilty

verdict and set appellant's punishment at sixteen years' confinement and a fine of $10,000. Appellant now appeals the trial court's judgment.

In Brown's original submission, he argues: (1) the evidence was legally insufficient to support the verdict because the State failed to present evidence that Brown's conviction in Louisiana was substantially similar to a Texas reportable offense that would require him to register as a sex offender in Texas; (2) the trial court erred by failing to quash the indictment; (3) the trial court erred by instructing the jury of the substantial similarity between the Louisiana and Texas offenses as a matter of law; (4) the trial court erred in the application paragraph to the jury; and (5) the trial court erred by taking judicial notice of the substantial similarity between the Louisiana and Texas offenses. Because we find the evidence insufficient to support Brown's conviction, we need not address the indictment's sufficiency or the proper jury instructions.

*Standard of Review*

When reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318—19 (1979); *Crabtree*, 389 S.W.3d at 824. We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Crabtree*, 389 S.W.3d at 824 (citing *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011)). "The essential elements of the crime are determined by state law." *Id*. A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

*Analysis*

To support appellant's conviction for failure to comply with the sex offender registration program, the State's evidence had to show that Brown was required to register and that he failed to comply with that requirement. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (West 2006); *Crabtree*, 389 S.W.3d at 832. Without providing evidence that Brown's conviction satisfied the definition of being a reportable conviction, he could not have committed the charged offense and would not have been under an obligation to register. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5) (West Supp. 2012); *Crabtree*, 389 S.W.3d at 832. In *Crabtree*, the Court of Criminal Appeals held, "a DPS substantial similarity determination is an essential element of the offense of failure to comply with registration requirements." 389 S.W.3d at 832.

The record is silent as to evidence admitted at trial regarding whether DPS previously determined that the Louisiana offense of sexual battery is substantially similar to a Texas offense statutorily defined as a "reportable conviction or adjudication." On appeal, the State's brief includes a 2006 DPS determination addressing the substantial similarity between the Louisiana sexual battery statute and the Texas sexual assault statute. However, the State concedes "it was doubtful the trial judge was aware of the DPS determination." Before the jury was seated, the court took judicial notice of the substantial similarity between the two offenses without evidence of a determination of substantial similarity made by DPS. Also, the jury instructions stated, "You are instructed that as a matter of law the elements of sexual battery in the state of Louisiana are the same or similar to the elements of Section 22.011, sexual assault, in the Texas Penal Code." In light of the Court of Criminal Appeals' interpretation of the relevant Chapter 62 articles, the lack of a DPS determination of substantial similarity leads us to conclude the evidence was not sufficient. *See Crabtree*, 389 S.W.3d at 832. The jury returned a guilty verdict finding Brown was previously convicted of sexual battery in Louisiana. However, the required finding by the jury that a conviction for sexual battery in Louisiana is a "reportable conviction or adjudication"

–4–

is not supported by the record, and its absence leads us to conclude that no rational juror could find that Brown had an obligation to register as a sex offender beyond a reasonable doubt. *See Crabtree*, 389 S.W.3d at 833.

In their supplemental briefing, the State argues this case is distinguishable from *Crabtree* because in *Crabtree*, the jury decided the substantial similarity as a matter of fact and during Brown's proceedings, the trial judge determined the substantial similarity as a matter of law. We disagree because when discussing whether the judge should make the substantially similar determination, the *Crabtree* Court stated:

> It is not our job to legislate from the bench. We have a branch of government charged with this responsibility, and the Legislature has spoken—DPS is the proper authority for regulating whether an extra-jurisdictional conviction or adjudication triggers a person's duty to register.

389 S.W.3d at 834—35 (Hervey J., concurring).

*Conclusion*

Holding the evidence was legally insufficient to support Brown's conviction for the offense of failure to comply with registration requirements, we reverse the judgment of the trial court and render a judgment of acquittal.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

100162F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DERWIN TRISHON BROWN, Appellant

No. 05-10-00162-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F08-56341-HI.
Opinion delivered by Justice Lewis.
Justices Moseley and FitzGerald
participating.


Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.


Judgment entered this 6th day of August, 2013.


/David Lewis/

DAVID LEWIS
JUSTICE