

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00376-CR

**SAMUEL UKWUACHU,**

                                                     **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                     **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2014-1202-C2

## O R D E R

The Court has received the Court of Criminal Appeals' mandate which issued on July 26, 2018. This appeal was remanded for further proceedings on appellant's remaining issues raised on appeal.

The appeal now stands at the point as if the record has just been filed, and appellant's brief is due 30 days from the date we received the return of the record from the Court of Criminal Appeals. *See* TEX. R. APP. P. 38.6(a); *Robinson v. State*, 790 S.W.2d 334, 335-36 (Tex. Crim. App. 1990). The State's brief is due 30 days after appellant's brief

is filed. TEX. R. APP. P. 38.6(b). The current rules of appellate procedure contemplate a physical transfer between the courts of a single hard copy record. That is no longer necessary since we retain an electronic copy of the record at the time we "forward" the record to the Court of Criminal Appeals. Accordingly, we will treat the date we receive the mandate as also being the date we receive the record that is "returned" to this Court. Consequently, appellant's brief is due August 27, 2018. Under the circumstances, however, the Court, *sua sponte*, grants appellant an extension of time to file appellant's brief. Appellant's brief is due September 26, 2018.

If the parties notify the Court they intend to rely on the original briefs and that no new brief will be filed that supersedes all the party's existing briefs on file, the Court will proceed on the existing briefs on the issue or issues that have not been addressed by this Court and in light of the Court of Criminal Appeals' opinion as directed. Thus, if the parties do not wish to file a new brief, they may expedite our ability to review the issues necessary to a disposition of this proceeding by submitting a letter expressly waiving the filing of a new brief.

If a new brief or letter notifying the Court that the appellant will waive the filing of a new brief and rely on the original brief is not timely filed, this proceeding must be abated to the trial court for a hearing to determine why no brief has been timely filed on behalf of appellant. TEX. R. APP. P. 38.8(b); *see Robinson v. State*, 790 S.W.2d 334, 335-36 (Tex. Crim. App. 1990); *see also Williams v. State*, 790 S.W.2d 336, 337-38 (Tex. Crim. App. 1990).

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Briefing ordered
Order issued and filed August 22, 2018

