PD-1607-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/19/2015 4:30:33 PM
Accepted 1/22/2015 2:42:23 PM
ABEL ACOSTA
CLERK

NO. PD – 1607-14

IN THE TEXAS COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

* * *

JASON MICHAEL PLACIDE,
Petitioner,

v.

THE STATE OF TEXAS,
Respondent.

* * *

FILED IN
COURT OF CRIMINAL APPEALS

January 22, 2015

ABEL ACOSTA, CLERK

On Review from the
Fourteenth Court of Appeals
at Houston, Texas
NO. 14-13-00725-CR

Appeal from the 180th Criminal District Court
Harris County, Texas
(Cause No. 1,353, 416)

* * *

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Michael A. McEnrue
639 Heights Boulevard
P.O. Box 70978
Houston, Texas 77270
(713) 862-1975
(713) 864-8587 (FAX)
mmcenrue@justice.com

Attorney for Petitioner
Jason Michael Placide

## Identity of Trial Judge, Parties and Counsel

Marc W. Brown was the presiding judge or a visiting judge with respect to all matters determined by the 180th Criminal District Court of Harris County, Texas in this case.

Petitioner is Jason Michael Placide, SPN01922371, 701 North San Jacinto 5A2 O1H, Houston, Texas 77002

Petitioner was represented in the 180th Criminal District Court by Kenneth Cager, TBC No. 34011189, 19901 Southwest Freeway, Suite 130, Sugar Land, Texas 77469. Michael A. McEnrue, TBC No. 13589050, Post Office Box 70978, Houston, Texas 77270-0978 was appointed to represent Petitioner in the court of appeals and represents him in this Court.

Assistant District Attorney Seth Gagliardi, TBC No. 24073207, 1201 Franklin, Houston, Texas 77002 represented the State in the criminal district court. The State was additionally represented in the court of appeals by Assistant District Attorney Eric Kugler, Appellate Division, 1201 Franklin, Houston, Texas 77002.

## Statement Regarding Indigency

The undersigned counsel was appointed to represent Petitioner on appeal by order of the trial judge signed on July 29, 2013. ( ClkR. 51)

(i)

## Statement Regarding Oral Argument

Petitioner waives oral argument on his petition for discretionary review, but believes that this Court will find oral argument on the merits useful in this case.

# Table of Contents

Subject:                                                                  Page:

Identity of Trial Judge, Parties and Counsel................................................i

Statement Regarding Indigency................................................i

Statement Regarding Oral Argument................................................ii

Table of Contents................................................iii

Index of Authorities ................................................iv

Statement of the Case ................................................2

Statement of Facts and Proceedings................................................2

Question Presented.. ................................................5

Reasons for Review................................................5

Prayer for Relief................................................13

Certificate of Service................................................15

Appendix

- January 7, 2014 Abatement Order

- March 10, 2014 Findings of Fact and Conclusions of Law

- March 18, 2014 Reinstatement Order

- September 25, 2014 Memorandum Opinion

- October 24, 2014 Motion for Rehearing

# Index of Authorities

**Rules:**
**Page:**

Tex. R. App. P. 38.7...............................................................................6

**Cases:**                                                        **Page:**

Alabama v. White, 496, U.S. 325 (1990)...................................................13

Balentine v. State, 71 S.W.3d 763 (Tex. Crim. App. 2002).....................11-12

Costley v. State Farm Fire & Casualty Co., 894 S.W.2d 380 (Tex. App. — Amarillo 1997, writ den'd)...................................................................6

Illinois v. Wardlow, 528 U.S. 119 (2000) ................................................13

Lankston v. State, 827 S.W.2d 907 (Tex. Crim. App. 1992).......................10

Oliver v. State, 891 S.W.2d 651 (Tex. Crim. App. 1995)...........................7

Reich-Bacot v. State, 952 S.W.2d 542 (Tex. Crim. App. 1997)..................7

Resendez v. State, 306 S.W.3d 308 (Tex. Crim. App. 2009).....................9-10

Theus v. State, 863 S.W.2d 489 (Tex. Crim. App. 1993)...........................7

United States v. Henley, 984 F.2d 1040 (9th Cir. 1992).........................10-11

Wicker v. State, 740 S.W.2d 779 (Tex. Crim. App. 1987)..........................5

Wilson v. State, 296 S.W.3d 140 (Tex. App.— Houston [14 Dist.] 2009, pet. ref'd)...............................................................6

NO. PD – 1607-14

IN THE TEXAS COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

* * *

JASON MICHAEL PLACIDE,
Petitioner,

v.

THE STATE OF TEXAS,
Respondent.

* * *

On Review from the
Fourteenth Court of Appeals
at Houston, Texas
NO. 14-13-00725-CR

Appeal from the 180th Criminal District Court
Harris County, Texas
(Cause No. 1,353, 416)

* * *

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Petitioner Jason Michael Placide, Appellant below, applies for review of a

Judgment and Opinion of the Fourteenth Court of Appeals with this petition for

discretionary review.

1

## Statement of the Case

Petitioner challenges the July 26, 2013 Judgment of the 180th Criminal District Court of Harris County, Texas, which sentenced him to a five-year term of confinement in the institutional division of the Texas Department of Criminal Justice for possession of cocaine. (Clk. R. 45-48) In the court of appeals, Petitioner disputed the trial court's ruling on his motion to suppress heard prior to his guilty plea. (Clk. R. 32; RpR. 99)

## Statement of Facts and Proceedings

At the suppression hearing, the State stipulated that it had the burden of proof. (RpR. 7) Its witnesses then told the following story:

During the night shift on July 6, 2012, the Houston Police Department dispatched three patrol officers to an apartment complex at 8034 Antoine near West Gulf Bank with a report that three or four black males were "doing drugs and loading guns" outside a white truck and a black Dodge Magnum. (RpR. 13-14) When the officers arrived, they found three black males near a white pickup in the parking lot of the complex. (RpR. 15-16)

On the strength of the anonymous tip, the officers handcuffed each of the individuals, and frisked them, but found no guns or drugs. (RpR. 14, 25-26, 43, 52-53, 57, 65) Although no one had attempted to flee, the officers locked each of the handcuffed suspects in the back seats of separate patrol cars as they continued

2

their investigation. (RpR. 26, 36, 42) The officers then ran the suspects' criminal histories, but learned that none had outstanding warrants. (RpR. 16, 36) They searched the white pickup truck, but found no guns or drugs. (RpR. 25)

The policemen spotted a black Dodge Magnum parked three spaces away from the white pickup. (RpR. 43) Two of the patrolmen went to shine their flashlights through its passenger side window. They viewed plastic bags of marijuana and clear pills on the console between the two front seats. (RpR. 17) The third officer meanwhile questioned Petitioner who claimed ownership of the Magnum, admitted that he had driven it, and stated that he lived at the address on the registration. (RpR. 18, 46) That policeman testified that Petitioner was under arrest when the other officers found the drugs in the Dodge Magnum. (RpR. 22) The police further admitted that they did not give Petitioner the warnings mandated by *Miranda v. Arizona,* 384 U.S. 436 (1966). (RpR. 32-33, 72) They stated that they normally don't do that, that they are not taught to do it. (RpR. 37, 53) Petitioner did not have a key to the vehicle; moreover, it was not registered to him. (RpR. 27, 33, 72) The policemen therefore called a tow truck, and asked the driver to open the Dodge Magnum upon his arrival. (RpR. 30, 58) They retrieved the marijuana as well as crack and powder cocaine they found underneath it on the console.

3

At the conclusion of the hearing, the trial court denied Petitioner's motion to suppress evidence, including Petitioner's statements (RpR. 37, 97), then took Petitioner's guilty plea and certified his right to appeal. (RpR. 99: ClkR. 36, 43)

In his court of appeals brief, Petitioner argued that his statement to his arresting officer was the fruit of an investigative detention that violated the Fourth Amendment because it lacked reasonable suspicion and also exceeded the scope permitted. Petitioner also argued that his interrogation violated the Fifth Amendment as well as Article 38.22 of the Texas Code of Criminal Procedure for lack of prior *Miranda* warnings.

After Petitioner submitted his brief, but before the State replied, the court of appeals decided at least one of Petitioner's arguments implicated the voluntariness of his statement. Relying on *Wicker v. State,* 740 S.W.2d 779, 783 (Tex. Crim. App. 1987), that court abated the appeal, directed the trial court to make written findings of fact and conclusions of law on the voluntariness of Petitioner's statement, and ordered it to supplement the appellate record within thirty days. (Appendix) When the trial court complied (Appendix), the appellate court reinstated the appeal and directed the State to file its brief in 30 days. (Appendix)

After the State filed its responsive brief, the panel heard oral argument, issued an opinion which incorporated the trial court's findings of fact *verbatim* without question. (Appendix) That opinion concluded that Petitioner had failed to

4

preserve his contentions regarding the fourth amendment violations. With respect to Petitioner's claimed violation of the Fifth Amendment, the court decided that Petitioner's detention did not amount to custody that implicated the *Miranda* requirements. On November 6, 2014, the Fourteenth Court of Appeals denied Petitioner's October 24, 2014 motion for rehearing which complained of that court's failure to provide for supplemental briefing after the trial court made its findings of fact and conclusions of law regarding the suppression of evidence. (Appendix)

## Questions Presented

**Whether the Court of Appeals' Abatement and Reinstatement Procedure Correctly Implemented this Court's *Wicker* Decision.**

**Whether Petitioner Failed to Preserve a Claim that His Statement Regarding His Connection to a Black Dodge Magnum Was the Fruit of a Fourth Amendment Violation.**

**Whether Petitioner Underwent a Custodial Interrogation**

## Reasons for Review

### A.

If a trial court makes no factual findings to support its ruling regarding the voluntariness of a confession, or if the court's findings lack sufficient detail to permit resolution of the appellate dispute raised by a party, this Court's decision in *Wicker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987) directs the court of appeals to abate an appeal and order the district judge to make written findings on

5

the disputed issues regarding the voluntariness of a defendant's challenged confession.

If one leaves aside whether the *Wicker* procedure applies to challenges outside that specified in Texas Code of Crim. P. Art. 38.22 §6, there still remains a question about how to reconcile a briefing schedule that has already commenced with the sequence of abatement, supplementation of the record, and reinstatement of the appeal mandated by this Court in that case.

As one alternative, one panel of the Fourteenth Court of Appeals has offered an appellant the opportunity to supplement his brief following the entry of the trial court's findings and conclusions. *Wilson v. State*, 296 S.W.3d 140, 143 (Tex. App.-Houston [14 Dist.] 2009, pet. ref'd) (past example). That option is consistent with Tex. R. App. P. 38.7 which provides that "a brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."

In at least one civil case, a Texas court of appeals has determined that a litigant is entitled to re-brief or supplement his brief when the appellate process generates new issues. *Costley v. State Farm Fire and Casualty Co.*, 894 S.W.2d 380, 387(Tex. App.—Amarillo 1997, writ denied) (issue arising during appeal).

At its core, this problem is akin to the one this Court addressed when it held that an indigent defendant's mandatory right to re-brief on remand flows

6

necessarily from his constitutional or statutory right to counsel. *See, e.g., Reich-Bacot v. State*, 952 S.W.2d 542, 543 (Tex. Crim. App. 1997) (mandatory opportunity to re-brief on remand from Texas Court of Criminal Appeals); *Oliver v. State*, 891 S.W.2d 651 (Tex. Crim. App. 1995) (same); *Theus v. State*, 863 S.W.2d 489, 491 (Tex. Crim. App. 1993) (same). In addition, failing to allow supplemental briefing when the issues change during the appellate process raises a question of fairness that may rise on some occasions to the level of a deprivation of due process.

This Court should therefore consider this issue and determine whether the court of appeals had a statutory duty under the Texas Rules of Appellate Procedure or a constitutional duty based on the due process clause or the due course of law provision of the Texas constitution to notify Petitioner of his right to re-brief after abatement and address the new or altered issues created by the Findings of Fact and Conclusions of Law supplementing the appellate record after Petitioner had filed his brief. Texas Rule of Appellate Procedure 66.3(b).

## B.

Prior to the hearing in the trial court, appointed counsel filed a motion to suppress certain physical evidence taken from the Black Dodge Magnum as well as "[a]ny other matters that the Court finds should be suppressed upon hearing of this motion." (ClkR 32-33). As the State adduced evidence and the specific facts of the

7

encounter came to light, however, defense counsel expanded the range of his challenges to include:

(a) the scope of Petitioner's detention (RpR. 25);

(b) whether the officer's call slip from an anonymous source and the circumstances witnessed upon arrival would provide reasonable suspicion to detain Petitioner to the extent recounted (25-26);

(c) the officer's failure to afford Petitioner his *Miranda* warnings (RpR. 32-33); and

(d) the recurring problem of both officers' failure to give *Miranda* warnings when they handcuff people and lock them in patrol cars. (RpR. 37, 53 & 96)

At the close of the evidentiary hearing, trial counsel orally challenged Petitioner's purported statement admitting a connection with the Black Dodge Magnum and the validity of his detention and its scope in light of the facts recited by the officers. Petitioner's attorney summarized his position as a set of challenges to the actions of the officers based on the Fourth, Fifth and Sixth Amendments to the United States Constitution, Article 1, §9 of the Texas Constitution and "Article 28.23" [sic] of the Texas Code of Criminal Procedure. (RpR. 96-97).

The State did not address the points made by defense counsel. Instead, it contended first that there had been reasonable suspicion for Petitioner's detention

8

and next that the drugs were found in a plain view that the police were allowed in the circumstances. (RpR. 98-99). The assistant district attorney then closed his final remarks by stating: "As for the other issues that are raised, as far as the links or connections to this defendant, that falls outside the scope of this motion to suppress hearing." (*Id.*) Although it recognized that defense counsel had raised additional issues during the hearing, in other words, the State refused to deal with any that lay outside the scope of Petitioner's written motion to suppress. At that point, the trial court orally denied Petitioner's suppression motion. (RpR. 99)

When the State drafted proposed Findings of Fact and Conclusions of Law during the abatement of Petitioner's appeal, it continued its effort to forestall the latter's assertion of any claims about constitutional violations surrounding his statements in a preamble to the document. Subject to that proviso, the trial court ruled on Petitioner's fifth amendment claim; it did not explicitly rule on Petitioner's fourth amendment claim in that document. (Appendix).

In *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009), this Court held that held that an argument made during a suppression hearing is sufficient to alert a trial court that a defendant is arguing a claim of statutory or constitutional violation. In explicating the governing law, the Court quoted its opinion in *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) to summarize the core requirements of preserving error under Texas Rule of

9

Appellate Procedure 33.1(a) and Texas Rule of Evidence 103. It framed them as follows:

> To preserve an error for appeal, a party must be specific enough so as to 'let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'

*Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009).

The Court also emphasized that appellate courts must pay attention to contextual clues concerning what particular arguments a party is making:

> [Courts] cannot consider just the specific complaint in question; [they] must also look at the context. When the correct ground for exclusion was obvious to the judge and opposing counsel, no forfeiture results from a general or imprecise objection.

*Resendez v. State*, 306 S.W.3d at 308, 313 (Tex. Crim. App. 2009).

By holding in this case that Petitioner failed to preserve a claim that his statement regarding a connection with a Black Dodge Magnum was the fruit of a Fourth Amendment violation (Appendix Slip op. at 8), the Fourteenth Court of Appeals has ignored the core principles outlined in *Resendez v. State*, 306 S.W.3d 308 (Tex. Crim. App. 2009). Texas Rule of Appellate Procedure 66.3(c).

## C.

In *United States v. Henley*, 984 F.2d 1040 (9th Cir. 1992), the court dealt with Henley's claim that his statement he owned a car involved in a robbery was obtained in violation of his *Miranda* rights. Although the FBI had not formally

10

arrested Henley at the time, an agent entered the police car where Henley sat in handcuffs, and asked him whether he owned a particular 1974 Plymouth Duster. When Henley acknowledged his ownership, the agent disclosed that he suspected the car had been involved in a bank robbery, and obtained Henley's consent to search the vehicle. With evidence taken from the Duster, prosecutors obtained Henley's conviction not for the bank robbery then under investigation but for one that had occurred eight days earlier.

Writing for the panel and relying directly on *Miranda v. Arizona*, 384 U.S. 486 (1966), Judge Kozinski stated:

> Whether Henley was in custody at the time he admitted owning the car is easily resolved.

> *  *  *

> It is fair to say that someone who is being questioned by an FBI agent while sitting handcuffed in the back of a police car is, indeed, not free to leave. We have no trouble concluding that Henley 'had been taken into custody or otherwise deprived of his freedom of action in [a] significant way.'

*United States v. Henley, supra*, 984 F.2d *at* 1042.

The court went on to hold that the FBI questioning was not only custodial but also constituted interrogation. *United States v. Henley*, 984 F.2d 1040, 1043 (9th Cir. 1992).

Relying on *Balentine v. State*, 71 S.W.3d 763 (Tex. Crim. App. 2002), the court of appeals in this case concluded that Petitioner's detention in a police car

11

while handcuffed was reasonable and did not amount to an unlawful arrest. (Appendix Slip Op. at 14) That case is factually distinguishable from the instant one. In *Balentine*, the officer began investigating a report of gunfire from a known informant. He first watched defendant try to evade an encounter, then repeatedly caught him in various lies and contradictions as Balentine allowed the officer to chauffer him to the address of someone who could vouch for his identity. As the situation developed to the point where the officer felt the need to frisk Balentine a second time, he handcuffed the latter as he took him out of the patrol car and conducted a second, more thorough pat-down search and found a bullet. The officer ultimately released Balentine on the instruction of a supervisor. *Balentine v. State*, 71 S.W.3d 763, 767 (Tex. Crim. App. 2002).

In this case, the officers responding to a call by an unknown informant did not find evasive actors in the apartment parking lot. Every one they handcuffed and placed in separate patrol cars had no outstanding warrants. The officers found no weapons to corroborate the unknown informant's tip. They found no guns or drugs in the white pick-up truck they searched. As one officer questioned Petitioner about his connection to a Black Dodge Magnum they spotted, the others conducted a plain view search through its passenger window and saw marijuana on the console inside. Because Petitioner did not have a key to the vehicle that was not

12

registered to him, the officers called a tow truck, and asked the driver to open the Dodge so they could retrieve the drugs.

What the court of appeals has ruled in this case is the following: If you are a black man standing next to a white pick-up truck in an apartment parking lot in Acres Homes at 4:00 a.m, a call from an unidentified individual that a black person, or 3 or 4, is doing drugs and loading guns next to a white pick-up at that location will give the police reasonable suspicion to detain you by handcuffing you and locking you in a patrol car while they investigate the anonymous tip. That detention, moreover, does not arise to the equivalent of an arrest. That holding is untenable in light of the United States Supreme Court's decisions in both *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) and *Alabama v. White*, 496, U.S. 325, 329 (1990). For those reasons, this Court should review the lower court's decision and reverse it. Texas Rule of Civil Procedure 66.3(c).

## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully asks this Court to sustain Petitioner's grounds for review on the *Miranda* issue and reverse the judgments of the Fourteenth Court of Appeals and the trial court. In the alternative, Petitioner asks this Court to sustain his grounds for review on both the first and second issues, and then remand this case to the Fourteenth Court of Appeals for further proceedings consistent with the Court's decision.

13

Respectfully submitted,

By: _____
MICHAEL A. McENRUE
TBC #13589050
639 Heights Boulevard
P.O. Box 70978
Houston, Texas 77270-0978
(713) 862-1975
(713) 864-8587 FAX
mmcenrue@justice.com
ATTORNEY FOR PETITIONER

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that

The word count in the foregoing Appellant's Petition for Discretionary Review

calculated under Rule of Appellate Procedure 9.4(i)(2) without allowance under

Texas Rule of Civil Procedure 9.4(i)(1), is 3,069 words.

_____
Michael A. McEnrue

14

## Certificate of Service

I hereby certify that a true copy of the foregoing Petition for Discretionary Review was sent to the following parties or counsel of record this 19th day of January, 2014 by mail in compliance with Rules 9.5 & 68.11, Texas Rules of Appellate Procedure:

Eric Kugler
Assistant District Attorney
1201 Franklin
Houston, Texas 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

_____
Michael A. McEnrue

# APPENDIX

Abatement Order filed January 7, 2014.





In The

## Fourteenth Court of Appeals

NO. 14-13-00725-CR

JASON MICHAEL PLACIDE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 321010180
1353416    180

## ABATEMENT ORDER

The trial court failed to submit findings of fact and conclusions of law on the voluntariness of appellant's statement. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. art. 38.22 § 6; *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004).

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**FILED**
Chris Daniel
District Clerk
13/988

JAN - 7 2014
Time:_____3
Harris County, Texas
By_____
Deputy

The statute is mandatory and the proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

Accordingly, the trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings filed with the clerk of this Court within thirty days of the date of this order. 2-6-2014

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM

4

<u>1353416</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE 180th |
| vs. | X | DISTRICT COURT OF |
| JASON MICHAEL PLACIDE | X | HARRIS COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**BE IT REMEMBERED** that on July 22, 2013 this Court conducted an evidentiary hearing, pursuant to the Defendant's **MOTION TO SUPPRESS**. Specifically, the Defendant sought to suppress, "all evidence seized on 7-6-2012 unconsented in the search of a Black dodge Magnum vehicle at 5700 Gulf bank." During the aforementioned hearing, in addition to urging the suppression of physical evidence, the Defendant also urged suppression of certain oral statements, although such statements were **NOT** mentioned in the **MOTION TO SUPPRESS**. At the conclusion of said hearing, this Court denied the aforementioned **MOTION TO SUPPRESS**. This Court makes the following **FINDINGS OF FACT AND CONCLUSIONS OF LAW** with regard to **BOTH** the physical evidence seized and the oral statements made by the Defendant, while not conceding that the consideration of such statements was properly before the Court based on the aforementioned **MOTION TO SUPPRESS**:

## FINDINGS OF FACT

1. The Defendant, Jason Michael Placide, was charged by indictment in the above styled and numbered cause with the felony offense of Possession of a Controlled Substance.

2. Officers Joseph Little and Matthew Little of the Houston Police Department are credible and reliable witnesses who testified truthfully at the hearing regarding Defendant's Motion To Suppress Evidence.

3. On July 6, 2013, at approximately 4:00 a.m. a report was made to the Houston Police Department that three to four black males were standing in the area of a white truck and a black Dodge Magnum at 8034 Antoine, Houston, Harris County, Texas, in possession of narcotics and weapons.

4. On July 6, 2013, shortly after 4:00 a.m., Officers Joseph Little and Matthew Little responded to the reported disturbance at 8034 Antoine, Houston, Harris County, Texas, involving three to four black males allegedly in possession of narcotics and weapons in the area of a white truck and a black Dodge Magnum.

5. 8034 Antoine, Houston, Harris County, Texas, is in a high crime area known for narcotics, and the officers arrived on scene at approximately 4:00 a.m., in the hours of darkness.

5

6. When the officers arrived at 8034 Antoine, Houston, Harris County, Texas, they observed three black males in the area of a white truck, and a black Dodge Magnum within three parking spaces of the white truck, confirming several pieces of information from the report.

7. The officers briefly detained each of the three men, including the Defendant, Jason Placide, in order to safely investigate and ensure the continued presence of the suspects at the scene.

8. At the time the Defendant was detained, the scene of the investigation was not yet secure, and the officers could not be certain whether there were unsecured weapons in the area.

9. There was no significant show of force during the investigative detention.

10. As part of the detention, the Defendant was frisked for weapons, handcuffed, and placed in the back of a patrol car.

11. While conducting their brief investigation with the help of a third HPD officer, Officers Joseph Little and Matthew Little looked into the window of the black Dodge Magnum vehicle (with the aid of a 360 lumen flashlight) from outside the vehicle, and observed what they both believed to be marijuana, based on their training and experience.

12. The Defendant admitted to officers that the black Dodge Magnum was the vehicle he had been driving, and that he lived at the same address where the vehicle was registered.

13. The Defendant was arrested after the discovery and recovery of the marijuana, and after he was linked to the black Dodge Magnum through his statements.

## CONCLUSIONS OF LAW

1. The officer's testimony established specific, articulable facts (the confirmed details of the call, the nature of the high crime area, time of night, and presence of the suspects in suspicious circumstances) and reasonable inferences substantial enough to support reasonable suspicion that the suspects had been engaged in criminal activity.

2. The investigative detention of the Defendant was lawful, in order to ensure officer safety, maintain the status quo, and ensure the continued presence of the Defendant during the course of a brief investigation, taking into consideration the nature of the area, time of night, and verified details of the call. *State v. Sheppard*, 271 S.W.3d 281, 291 (Tex. Crim. App. 2008); *Chambers v. State*, 397 S.W.3d 777 (Tex. App.-Houston [14th Dist.] 2013).

6

3. The marijuana in the black Dodge Magnum was in plain view and immediately recognizable to the officers as contraband, and the officers involved viewed the marijuana from a location where they were legitimately and lawfully present.

4. The officers involved had probable cause to search the black Dodge Magnum, and the seizure of the narcotics without a warrant was lawful under the automobile exception.

5. Probable cause to arrest the Defendant did not exist prior to his statements linking him to the black Dodge Magnum.

6. The officers used only a minimal amount of force required to investigate, maintain the status quo, and ensure officer safety.

7. The statements of the Defendant in regards to his connection to the black Dodge Magnum were made during an investigative detention that had not evolved into custodial interrogation, and therefore are admissible pursuant to Article 38.22 of the Texas Code of Criminal Procedure.

## ORDER

**IT IS HEREBY ORDERED THAT THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW** be made a part of the record in this cause pursuant to the Texas Code of Criminal Procedure.

**SIGNED AND ENTERED this 10th day of March, 2014**

FILED
Chris Daniel
District Clerk

MAR 10 2014

Time: _____ Harris County, Texas

By_____ Deputy

Marc W. Brown
Sitting by assignment for the
180th District Court
Harris County, Texas

7



In The

## 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

NO. 14-13-00725-CR

### JASON MICHAEL PLACIDE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1353416**

## ORDER

On January 7, 2014, this Court issued an order abating the appeal and directing the trial court to submit findings of fact and conclusions of law on the voluntariness of appellant's statement.

On March 14, 2014, a supplemental clerk's record was filed containing the trial court's findings of fact and conclusions of law. Therefore, our order of

January 7, 2014, is withdrawn. The appeal is reinstated. The State's brief is due April 17, 2014.

PER CURIAM

**Affirmed and Memorandum Opinion filed September 25, 2014.**



In The

## 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝕮𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

NO. 14-13-00725-CR

---

**JASON MICHAEL PLACIDE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1353416**

---

## MEMORANDUM OPINION

Appellant Jason Michael Placide appeals his conviction for possession of cocaine. In two issues, appellant argues the trial court erred in denying his motion to suppress because (1) the officers lacked reasonable suspicion to detain him; and (2) his statement was made as a result of custodial interrogation and was inadmissible under article 38.22, section 3 of the Texas Code of Criminal Procedure. We affirm.

## BACKGROUND

Appellant was indicted for possession of between one and four grams of cocaine. *See* Tex. Health & Safety Code § 481.115(c). Appellant filed a pretrial motion to suppress in which he argued that a Houston Police officer "broke into" his vehicle and searched the vehicle without consent. Appellant argued that "[a]ny controlled substances found in the vehicle" should be suppressed because the search was without a warrant and without probable cause. Appellant also sought suppression of "[a]ny other matters that the Court finds should be suppressed upon hearing of this motion." Appellant argued that the evidence should be suppressed because (1) the narcotics were not in plain view in the vehicle; and (2) the vehicle search was not incident to a lawful arrest.

At the hearing on appellant's motion to suppress Officer Joseph Little of the Houston Police Department testified that at approximately 4:00 a.m. on July 6, 2012, he was patrolling the north side of Houston in an area known for narcotics and crime. He received a dispatch call for a disturbance at an apartment complex located at 8034 Antoine. The 911 caller reported three or four African-American males using narcotics and loading guns while standing outside a white truck near a black Dodge Magnum. When Little arrived at the apartment complex he observed three African-American males standing outside of a white pickup truck near a black Dodge Magnum. He identified appellant as one of the men he saw that night. Because Little had received a report that the men were loading weapons, he detained all three men, handcuffed them, and placed them in separate patrol cars.

In conducting his investigation, Little shined a flashlight into the black Dodge Magnum, and observed narcotics on the car's console. Little saw a bag of marijuana and a bag of clear pills with no label on them. Little asked appellant if the black Dodge Magnum was his car, and appellant "admitted that that was his car

2

and he had been driving it and he lives at the registered address." Appellant was arrested after the marijuana and pills were discovered in the vehicle. After appellant was arrested, officers found crack cocaine in the vehicle. The pills also tested positive for cocaine.

On cross-examination, Little testified that he did not know the identity of the 911 caller. The officers searched all three men, but did not find weapons.

Officer Matthew was also on the scene and testified to the same events.[1] Matthew Little testified that the three men were detained because the call reported they were loading weapons. The men were handcuffed for officer safety and placed in the patrol cars so they could not flee the scene until the investigation was complete.

Appellant testified that the car belonged to his mother and he had no knowledge of drugs in the car. On cross-examination, appellant admitted more than one prior conviction for possession of controlled substances but could not remember an exact number of prior convictions. Appellant believed he was under arrest at the time he was handcuffed and placed in the patrol car.

During his closing statement, appellant's counsel argued that (1) appellant's statement that he owned the car should be excluded because he was under arrest and officers did not read his *Miranda* rights;[2] and (2) the evidence should be excluded because the search was warrantless and not a proper inventory search incident to arrest. The State argued that the officers had reasonable suspicion of a threat to their safety as a result of the potential weapons reported in the police dispatch. Officers detained appellant and the other individuals for their safety

---

[1] We refer to Joseph Little as "Little" throughout this opinion and refer to Matthew Little as "Matthew Little."

[2] *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

while they conducted an investigation. The investigation revealed marijuana in plain view on the console of the black Dodge Magnum. The State further argued that appellant's argument about his statement fell outside the scope of the hearing.

The trial court made findings of fact and conclusions of law with the following preface:

> During the aforementioned hearing, in addition to urging the suppression of physical evidence, the Defendant also urged suppression of certain oral statements, although such statements were NOT mentioned in the MOTION TO SUPPRESS. At the conclusion of said hearing, this Court denied the aforementioned MOTION TO SUPPRESS. This Court makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW with regard to BOTH the physical evidence seized and the oral statements made by the Defendant, while not conceding that the consideration of such statements was properly before the Court based on the aforementioned MOTION TO SUPPRESS:

> **Findings of Fact**

> 1. The Defendant, Jason Michael Placide, was charged by indictment in the above styled and numbered cause with the felony offense of Possession of a Controlled Substance.

> 2. Officers Joseph Little and Matthew Little of the Houston Police Department are credible and reliable witnesses who testified truthfully at the hearing regarding Defendant's Motion To Suppress Evidence.

> 3. On July 6, 2013, at approximately 4:00 a.m. a report was made to the Houston Police Department that three to four black males were standing in the area of a white truck and a black Dodge Magnum at 8034 Antoine, Houston, Harris County, Texas, in possession of narcotics and weapons.

> 4. On July 6, 2013, shortly after 4:00a.m., Officers Joseph Little and Matthew Little responded to the reported disturbance at 8034 Antoine, Houston, Harris County, Texas, involving three to four black males allegedly in possession of narcotics and weapons in the area of a white truck and a black Dodge Magnum.

> 5. 8034 Antoine, Houston, Harris County, Texas, is in a high crime

4

area known for narcotics, and the officers arrived on scene at approximately 4:00 a.m., in the hours of darkness.

6. When the officers arrived at 8034 Antoine, Houston, Harris County, Texas, they observed three black males in the area of a white truck, and a black Dodge Magnum within three parking spaces of the white truck, confirming several pieces of information from the report.

7. The officers briefly detained each of the three men, including the Defendant, Jason Placide, in order to safely investigate and ensure the continued presence of the suspects at the scene.

8. At the time the Defendant was detained, the scene of the investigation was not yet secure, and the officers could not be certain whether there were unsecured weapons in the area.

9. There was no significant show of force during the investigative detention.

10. As part of the detention, the Defendant was frisked for weapons, handcuffed, and placed in the back of a patrol car.

11. While conducting their brief investigation with the help of a third HPD officer, Officers Joseph Little and Matthew Little looked into the window of the black Dodge Magnum vehicle (with the aid of a 360 lumen flashlight) from outside the vehicle, and observed what they both believed to be marijuana, based on their training and experience.

12. The Defendant admitted to officers that the black Dodge Magnum was the vehicle he had been driving, and that he lived at the same address where the vehicle was registered.

13. The Defendant was arrested after the discovery and recovery of the marijuana, and after he was linked to the black Dodge Magnum through his statements.

**Conclusions of Law**

1. The officer's testimony established specific, articulable facts (the confirmed details of the call, the nature of the high crime area, time of night, and presence of the suspects in suspicious circumstances) and reasonable inferences substantial enough to support reasonable suspicion that the suspects had been engaged in criminal activity.

2. The investigative detention of the Defendant was lawful, in order to ensure officer safety, maintain the status quo, and ensure the continued presence of the Defendant during the course of a brief

5

investigation, taking into consideration the nature of the area, time of night, and verified details of the call. *State v. Sheppard*, 271 S.W.3d 281,291 (Tex. Crim. App. 2008); *Chambers v. State*, 397 S.W.3d 777 (Tex. App.—Houston [14th Dist.] 2013).

3. The marijuana in the black Dodge Magnum was in plain view and immediately recognizable to the officers as contraband, and the officers involved viewed the marijuana from a location where they were legitimately and lawfully present.

4. The officers involved had probable cause to search the black Dodge Magnum, and the seizure of the narcotics without a warrant was lawful under the automobile exception.

5. Probable cause to arrest the Defendant did not exist prior to his statements linking him to the black Dodge Magnum.

6. The officers used only a minimal amount of force required to investigate, maintain the status quo, and ensure officer safety.

7. The statements of the Defendant in regards to his connection to the black Dodge Magnum were made during an investigative detention that had not evolved into custodial interrogation, and therefore are admissible pursuant to Article 38.22 of the Texas Code of Criminal Procedure.

## STANDARD OF REVIEW

We review a trial court's denial of a motion to suppress for abuse of discretion. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013); *Thomas v. State*, 297 S.W.3d 458, 459 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). We review the evidence in the light most favorable to the trial court's ruling. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). The trial court is the exclusive factfinder and judge of the credibility of the witnesses. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Turner v. State*, 252 S.W.3d 571, 576 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). We afford almost total deference to the trial court's determination of historical facts supported by the record, especially when the trial court's findings are based on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.

6

App. 1997). We afford the same amount of deference to the trial court's ruling on mixed questions of law and fact if the resolution of these questions turns on an evaluation of credibility and demeanor. *Id.* We review questions not turning on credibility and demeanor de novo. *Id.* If the trial court's decision is correct under any theory of law applicable to the case, the decision will be sustained. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

## PRESERVATION OF ERROR

In his first issue appellant argues his statement was the fruit of a Fourth Amendment violation because the officers did not have reasonable suspicion to detain him. The State argues appellant failed to preserve error with regard to the denial of his motion to suppress his statement because appellant's written motion to suppress only sought to suppress the physical evidence recovered from the car.

A motion to suppress is a specialized objection to the admissibility of evidence and must be timely and sufficiently specific to inform the trial court of the complaint. *Johnson v. State*, 171 S.W.3d 643, 647 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). To preserve error for appellate review, an appellant must "let the trial judge know what he wants, why he thinks himself entitled to it, and . . . . do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

Appellant's written motion specifically sought to suppress the physical evidence recovered from the car, and vaguely sought suppression of "[a]ny other matters that the Court finds should be suppressed upon hearing of this motion." During the oral hearing on appellant's motion to suppress, appellant argued that his statement should be suppressed because he was in custody at the time he made it and officers did not inform him of his *Miranda* rights. We assume for purposes of

the analysis below that appellant's argument at the hearing regarding suppression of his statement sufficed to preserved error.

Appellant also argues on appeal that the officers lacked reasonable suspicion to detain him and that his statement was an impermissible fruit of that Fourth Amendment violation. Appellant did not bring such a contention to the attention of the trial court either in his written motion to suppress or during the oral hearing; he did not ask the trial court to decide the issue of reasonable suspicion and issue a ruling. His motion failed to preserve his contention on appeal because it did not alert the trial court that he wished the issue to be decided. *See* Tex. R. App. P. 33.1(a)(1) (requiring, in order to preserve error, sufficient specificity to make trial court aware of complaint and ruling by court on complaint); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that issue on appeal must comport with complaint made at trial).

On appeal, appellant argues the officers failed to corroborate the facts of the dispatch that indicated the occurrence of criminal activity. Appellant did not make this argument to the trial court; instead, he argued that the search of the vehicle was improper because (1) the officers could not have seen the contraband in plain view, and (2) the search was not conducted as a proper inventory search after arrest. We conclude that appellant did not preserve this contention for appeal because neither his written motion nor his arguments at the hearing alerted the trial court to a contention that the officers lacked reasonable suspicion justifying an investigation. Additionally, appellant did not secure a ruling on such a complaint. *See* Tex. R. App. P. 33.1(a)(1); *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (concluding that when appellant failed to object to admission of statement at motion-to-suppress hearing on ground for suppression raised on appeal, but instead, argued a different basis for suppression, issue was not

8

preserved); *Mbugua v. State*, 312 S.W.3d 657, 666–67 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding that appellant did not preserve his complaint regarding admissibility of his custodial statement because complaint on appeal did not comport with grounds argued in motion to suppress). We overrule appellant's first issue.

## CUSTODY

In his second issue, appellant argues his statement concerning ownership of the car was the product of a custodial interrogation. Appellant argues the statement was inadmissible because he did not receive warnings under *Miranda*.

The Fourth Amendment and article 38.22 of the Texas Code of Criminal Procedure allow admission of noncustodial statements. *See, e.g., Miranda*, 384 U.S. at 444; *Dowthitt v. State*, 931 S.W.2d 244, 263 (Tex. Crim. App. 1996). Thus, to determine whether appellant's statement about ownership of the car was admissible, we must first determine the point at which officers placed appellant in custody.

A police officer may stop and briefly detain a person reasonably suspected of criminal activity in the absence of probable cause to arrest the person. *Terry v. Ohio*, 392 U.S. 1, 22 (1968). The officer may use such force as is reasonably necessary to effect the goal of the stop: investigation, maintenance of the status quo, or officer safety. *Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App.), *cert. denied*, 522 U.S. 894 (1997). There is no bright-line test providing that mere handcuffing is always the equivalent of an arrest. *Id.* at 118. Instead, when evaluating whether an investigative detention is unreasonable, "common sense and ordinary human experience must govern over rigid criteria." *Id.*

A police officer's interaction with a citizen can be classified as an encounter,

detention, or arrest. *See State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011). "A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." Tex. Code. Crim. Proc. art. 15.22; *Mount v. State*, 217 S.W.3d 716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.). But this restraint-of-liberty standard is not adequate when distinguishing between an arrest and a detention because it is a characteristic common to both. *Mount*, 217 S.W.3d at 724. Rather, the distinction is a matter of degree depending on the length of the detention, the amount of force employed, and whether the officer actually conducted an investigation. *Id.*; *Woods v. State*, 970 S.W.2d 770, 775 (Tex. App.—Austin 1998, pet. ref'd).

A court must determine reasonableness from the perspective of a reasonable officer at the scene, making allowances for the fact that officers must often make quick decisions under tense, uncertain, and rapidly changing circumstances. *Rhodes*, 945 S.W.2d at 118. Relevant factors in the reasonableness inquiry are the nature of the crime under investigation, the degree of suspicion, the location of the stop, the time of day, the reaction of the suspect, and whether the officer actually conducted an investigation after seizing the suspect. *Mount*, 217 S.W.3d at 725; *Chambers v. State*, 397 S.W.3d 777, 782 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

The trial court found that "[t]he investigative detention of the Defendant was lawful, in order to ensure officer safety, maintain the status quo, and ensure the continued presence of the Defendant during the course of a brief investigation, taking into consideration the nature of the area, time of night, and verified details of the call."

During the suppression hearing, Little testified that he received a dispatch

10

describing three or four African-American males using drugs and loading weapons near a white pickup truck and a black Dodge Magnum at 8034 Antoine. When the officers arrived at 8034 Antoine, they observed three African-American males standing around a white pickup truck with a black Dodge Magnum parked nearby. For officer safety the officers patted down the three men, handcuffed them, and placed them in separate patrol cars. Little testified that although they found no weapons during the pat-down search the handcuffs were necessary for the officers' safety, and detention in the patrol cars was necessary to prevent the suspects from fleeing. The officers then shined a flashlight into the white pickup truck and the black Dodge Magnum. In response to Little's question, appellant admitted the Dodge Magnum was his vehicle.

Although Little detained appellant in the patrol car with handcuffs, the amount of force was reasonable under the circumstances. The incident took place at 4:00 a.m. in a parking lot in a high-crime area where Little had previously responded to narcotics and weapons calls. Little conducted a brief investigation in which he discovered narcotics in a car appellant admitted to be his. The trial court's finding that Little did not use more force than reasonably necessary to protect himself and those around him during his brief investigation is supported by the evidence at the hearing. *See Balentine v. State*, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002) (handcuffing and escorting appellant to patrol car did not transform investigative detention into arrest where officer had reasonable concern for safety because he was investigating crime involving a weapon).

Appellant argues the officers deprived him of his freedom to a degree comparable to a formal arrest. In support of his argument, appellant cites *Ramirez v. State*, 105 S.W.3d 730, 740 (Tex. App.—Austin 2003, no pet.), and *Alford v. State*, 22 S.W.3d 669, 672 (Tex. App.—Fort Worth 2000, pet. ref'd). *Ramirez* and

11

*Alford* are distinguishable.

In *Ramirez*, an officer who arrived at Ramirez's home in response to a neighbor's complaint noticed marijuana paraphernalia, marijuana residue, and the odor of marijuana as Ramirez stepped out of the garage and closed the door behind him. 105 S.W.3d at 735. A second individual, Reynosa, exited the garage and left the door partially open. *Id.* at 736. The officer called for back-up because he recognized Reynosa as a suspect in a shooting and became concerned that Reynosa or Ramirez may have had weapons. *Id.* Reynosa was subjected to a pat down, which revealed a knife and a plastic bag containing marijuana. *Id.* Reynosa was arrested and moved away from the garage. *Id.* Ramirez was also subjected to a pat down; while conducting the pat down, the officer told Ramirez he was being detained and placed him in handcuffs. *Id.* The officer informed Ramirez that he could see drug paraphernalia and drug residue in the garage and asked, "Is there anything else I'm going to find in there that's illegal, any more marijuana?" *Id.* Ramirez replied, "Well, I guess there's some pot in the red cooler." *Id.*

The Austin Court of Appeals determined that Ramirez was in custody at the time the officer asked whether he was going to find anything else in the garage because a reasonable person in Ramirez's position would likely believe his freedom of movement had been restrained to the degree associated with an arrest. *Id.* at 740. The court determined that by handcuffing Ramirez, telling him he was being detained, and informing him that they had seen illegal items in the garage, a reasonable person would have thought he was under arrest. *Id.*

The facts in *Ramirez* are distinguishable because Ramirez was near his home; had been told he was being detained; and knew the officers had seen illegal contraband in his garage. In contrast, the officers in this case had a report that there were weapons being loaded and the men were in a parking lot in a high crime area

12

after dark. In *Ramirez*, unlike this case, the officers did not conduct an investigation after detaining Ramirez.

In *Alford*, the appellant was seen driving on an interstate highway passing cars and weaving in and out of lanes. *Id.* at 671. A police officer activated his siren after following Alford's truck for a distance; Alford responded by turning off the interstate highway and into the back of a mobile home park. *Id.* When Alford did not heed the officer's request to get out of the truck, the officer pulled Alford out of the truck; placed him on the ground; handcuffed him; and called for back-up. *Id.* When back-up arrived six or seven minutes later, Alford was still in handcuffs and the arriving officer asked whether he had been drinking. *Id.* at 672. Alford admitted drinking six beers. *Id.*

The Fort Worth Court of Appeals held that Alford was in custody at the time he admitted to drinking six beers. The court emphasized that by removing Alford from the vehicle, placing him on the ground, handcuffing him, and holding him for back-up officers, the circumstances were elevated beyond those of an ordinary traffic stop. *Id.* at 673.

*Alford* is distinguishable because Alford was physically removed from his truck, placed on the ground, and handcuffed following a traffic stop. *Id.* at 671. Alford then remained handcuffed for six or seven minutes until another officer arrived on the scene who questioned him about his alcohol consumption. *Id.* at 671–72. In *Alford*, as in *Ramirez*, no investigation took place, and Alford was "subjected to treatment that resulted in his being in custody for practical purposes." *Id.* at 673.

The facts here are closer to *Balentine v. State*, 71 S.W.3d at 767. Balentine was placed in handcuffs and escorted to a patrol car while being questioned. Before placing Balentine in the patrol car, an officer frisked him and did not find

13

any weapons. *Id.* Despite finding no weapons, the officer handcuffed Balentine, placed him in a patrol car, and drove Balentine to a friend's home. *Id.* Before being released Balentine was patted down a second time and handcuffed for officer safety despite the fact that the officer did not find any weapons. *Id.* The Court of Criminal Appeals concluded that Balentine's detention was not an arrest based on the circumstances surrounding the investigation. *Id.* at 771. The court determined that the detention was temporary and that the handcuffs and placement in the patrol car did not elevate the temporary detention to an arrest because the officer encountered Balentine in an area where gunfire had been reported; Balentine exhibited suspicious behavior; and the restraint was necessary for officer safety while investigating Balentine's possible involvement in gunfire. *Id.* at 771.

We conclude that Little's investigative detention of appellant was reasonable and justified under the circumstances and did not constitute an unlawful arrest. The trial court did not abuse its discretion in denying the motion to suppress appellant's oral statement. We overrule appellant's second issue.

We affirm the trial court's judgment.


/s/    William J. Boyce
            Justice


Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

14

ACCEPTED
14-13-00725-CR
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
10/24/2014 4:55:52 PM
CHRISTOPHER PRIN
CLERK

NO. 14-13-00725-CR

IN THE FOURTEENTH COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
10/24/2014 4:55:52 PM
CHRISTOPHER A. PRINE
Clerk

* * *

JASON MICHAEL PLACIDE,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

* * *

Appeal from the 180th Criminal District Court
Harris County, Texas
(Cause No. 1,353, 446)

## MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellant Jason Michael Placide moves this Court for rehearing pursuant to Rule 49, Texas Rules of Appellate Procedure. In support of this motion, Appellant would respectfully show the Court the following:

In his brief on the merits, Appellant contended that his statement to his arresting officer was the fruit of an investigative detention that violated the Fourth Amendment for lack of reasonable suspicion and also exceeded its permissible scope. In the alternative, Appellant argued his interrogation violated the Fifth

1

Amendment and Article 38.22 of the Texas Code of Criminal Procedure for lack of *Miranda* warnings beforehand.

After Appellant submitted his brief, but before the State had filed one, this Court apparently interpreted Appellant's second argument as a challenge to the voluntariness of his statement. On its own motion, the Court abated this appeal on January 7, 2014, and directed the trial court to make written findings of fact and conclusions of law on the voluntariness of Appellant's statement, and ordered it to return those finding to the Court within thirty days.

Three months before the Court unilaterally took its action, however, the governor had elevated the judge of the 180th District Court to a position on this Court. Sitting by assignment as the presiding judge of the 180th District Court, that justice signed the Findings of Fact and Conclusions of Law proposed by the State on March 10, 2014 – eight months after the conclusion of the suppression hearing. The district clerk filed a Supplemental Record containing those findings on March 14, 2014. Four days later the Court reinstated this appeal, and directed the State to file its brief within thirty days.

By ordering the State to file its brief, and by not giving Appellant an opportunity to first re-brief his appeal as it has done in other cases in the past, this Court deprived the Appellant of his chance to challenge the trial court's findings of fact and the reasoning supporting its conclusions of law, which this Court included

2

in its opinion *verbatim* without question. The effort to provide this indigent defendant a fair opportunity to challenge at least once all errors arising in his prosecution should lead this Court to vacate its judgment and opinion, and allow Appellant to re-brief his appeal in light of the trial court's findings of fact and conclusions of law. Anything less raises due process concerns. *See* Tex. R. App. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."). *Wilson v. State,* 296 S.W.3d 140, 143 (Tex. App.-Houston [14 Dist.] 2009, pet. ref'd) (past example). *See also Stewart v. Coldwell Banker & Company,* 552 S.W.2d 904, 906 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) (lack of prejudice); *Costley v. State Farm Fire and Casualty Co.,* 894 S.W.2d 380, 387(Tex. App.—Amarillo 1997, writ denied) (issue arising during appeal). *Cf. Reich-Bacot v. State,* 952 S.W.2d 542, 543 (Tex. Crim. App. 1997) (mandatory opportunity to re-brief on remand from Texas Court of Criminal Appeals flows from indigent's right to counsel); *Oliver v. State,* 891 S.W.2d 651 (Tex. Crim. App. 1995) (same); *Theus v. State,* 863 S.W.2d 489, 491 (Tex. Crim. App. 1993) (same)

WHEREFORE, PREMISES CONSIDERED, Appellant Jason Michael Placide respectfully asks this Court to grant this Motion for Rehearing, to withdraw its Judgment and Opinion, and allow Appellant to re-brief this appeal in light of the

3

findings of fact and conclusions of law submitted in response to its abatement order.

Respectfully submitted,

By: _____
MICHAEL A. McENRUE
TBC #13589050
P.O. Box 70978
Houston, Texas 77270-0978
(713) 862-1975
(713) 864-8587
mmcenrue@justice.com

ATTORNEY FOR APPELLANT

**Certificate of Compliance**

Pursuant to Texas Rule of Appellate Procedure 9.4(i) (3), I hereby certify that the word count in the foregoing Appellant's Motion for Rehearing calculated under Rule of Appellate Procedure 9.4(i) (2) is 734 words.

_____
Michael A. McEnrue

4

## Certificate of Service

I hereby certify that a true copy of the foregoing Appellant's Motion for Rehearing was sent to the following parties or counsel of record this 24th day of October, 2014 by mail in compliance with Rules 9.5, Texas Rules of Appellate Procedure:

Eric Kugler
Assistant District Attorney
1201 Franklin, Sixth Floor
Houston, Texas 77002

_____
Michael A. McEnrue