COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      *Javier Noel Campos v. The State of Texas*

Appellate case numbers:   01-13-00415-CR; 01-13-00416-CR; 01-13-00417-CR

Trial court case numbers: 1328806; 1328807; 1308988

Trial court:              184th District Court of Harris County

On January 13, 2015, this Court issued its opinion affirming the judgment of the trial court. *See Campos v. State*, 458 S.W.3d 120 (Tex. App.—Houston [1st Dist.] 2015, pet. granted). Appellant's appointed counsel withdrew from representation, and appellant filed a pro se petition for discretionary review ("PDR"). The Court of Criminal Appeals ultimately granted appellant's PDR, vacated our judgment, and remanded the case to this Court for reconsideration of one issue. *See Campos v. State*, 466 S.W.3d 181 (Tex. Crim. App. 2015) (per curiam).

This Court subsequently set a briefing schedule for any supplemental briefs that the parties wished to file on remand. Appellant, acting pro se, filed a supplemental brief on September 25, 2015. The State has not yet filed a supplemental brief on remand.

On October 6, 2015, appellant filed a pro se motion for appointment of counsel on appeal, arguing that he is indigent and that he needs the assistance of counsel "because a pertinent question of law has been raised."

An indigent appellant is entitled to assistance of counsel in filing an appellate brief in a case on remand from the Court of Criminal Appeals. *See Reich-Bacot v. State*, 952 S.W.2d 542, 543 (Tex. Crim. App. 1997) (per curiam). When a case is remanded from the Court of Criminal Appeals to an intermediate appellate court, the appellant "stands in the same position as he did when the initial appeal was filed," and, thus, "the appellate rules apply just as though the appeal were on original submission." *Theus v. State*, 863 S.W.2d 489, 491 (Tex. Crim. App. 1993) (per curiam); *Robinson v. State*, 790 S.W.2d 334, 335 (Tex. Crim. App. 1990) (per curiam); *Ex parte Lopez*, 763 S.W.2d 427, 429 (Tex. Crim. App. 1989) ("The decision by this Court to remand the cause to the Court of Appeals for *Almanza* analysis reinstated the status of said cause to the first level of appeal, a stage of proceedings in which applicant had the right to appointed counsel if he

was indigent at the time of the remand."). "In the absence of any brief by counsel or inquiry by the Court of Appeals it must be presumed that an indigent appellant was not represented by counsel." *Robinson*, 790 S.W.2d at 336. The question of whether an appellant will succeed on the merits on remand is not relevant to this inquiry. *Id.*

Here, when the Court of Criminal Appeals remanded this case to this Court, appellant stood in the same position that he did when his initial appeal was filed. Appellant has been indigent throughout the course of these proceedings, and there is no indication that his indigency status has changed since we first considered this case on original submission. Appellant is entitled to effective assistance of counsel in filing a supplemental appellate brief on remand. *See, e.g.*, *Reich-Bacot*, 952 S.W.2d at 543. Appellant's motion for appointment of counsel is **granted**.

Therefore, we abate the appeal and remand for the trial court to immediately appoint counsel to prosecute appellant's appeal on remand. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (Vernon Supp. 2014) (providing right for eligible indigent defendant to have trial court appoint counsel to represent him in certain appellate proceedings). **The trial court's order appointing counsel for appellant must be filed in a supplemental clerk's record with this Court no later than October 29, 2015.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental record containing the trial court's order appointing appellate counsel is filed in this Court. This Court will also consider a motion to reinstate filed by either party. Appellant's supplemental brief on remand will be due thirty days from the date this appeal is reinstated. If the State wishes to file a supplemental brief in response, it is due thirty days from the date appellant's counsel files appellant's brief.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
⊠ Acting individually ☐ Acting for the Court

Date: October 15, 2015