COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:          *Javier Noel Campos* v. *The State of Texas*

Appellate case numbers:   01-13-00415-CR; 01-13-00416-CR; 01-13-00417-CR

Trial court case numbers: 1328806; 1328807; 1308988

Trial court:                          184th District Court, Harris County

On January 13, 2015, this Court issued its opinion affirming the judgment of the trial court.  *See Campos v. State*, 458 S.W.3d 120 (Tex. App.—Houston [1st Dist.] 2015, pet. granted).  On July 29, 2015, the Texas Court of Criminal Appeals vacated our judgment and remanded the case to this Court for reconsideration in light of *Meadows v. State*, 455 S.W.3d 166 (Tex. Crim. App. 2015), which abolished the common-law "tacking" doctrine and requires the admissibility of remote prior convictions to be determined under Texas Rule of Evidence 609(b).  The Court of Criminal Appeals instructed us to consider the admissibility of the challenged remote prior conviction "in light of [its] opinion in *Meadows*."  *See Campos v. State*, No. PD-0054-15, 2015 WL 4549744 (Tex. Crim. App. July 29, 2015) (per curiam).  The case will be resubmitted for disposition in accordance with the opinion of the Court of Criminal Appeals.

As the Court of Criminal Appeals decided *Meadows* after we issued our opinion in this case, the effect of that case was not addressed in the original briefs filed in this Court.  If appellant wishes to file a supplemental brief on this issue on remand, it is due thirty days from the date of this order.  *See Bell v. State*, 956 S.W.2d 560, 561 (Tex. Crim. App. 1997); *Theus v. State*, 863 S.W.2d 489, 491 (Tex. Crim. App. 1993) (per curiam).  If the State wishes to file a supplemental brief on this issue, it is due thirty days from the date appellant files his brief.  *See* TEX. R. APP. P. 38.6 ("The appellee's brief must be filed within 30 days . . . after the date the appellant's brief was filed.").  As the Court of Criminal Appeals explicitly refused with prejudice grounds 1–8 and grounds 10–13 of appellant's petition for discretionary review, we will not entertain further briefing on those issues on remand.

The case will be set for submission at a future date, and the parties will be notified of the submission date.

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>
⊠ Acting individually    ☐ Acting for the Court


Date:  September 1, 2015